## FROW v. SMITH, ET AL.

1. Although a deed recites that the grantor is largely indebted, and provides for the indemnification of certain wards, for which the grantor is guardian, as well as for the indemnification of his sureties on the bonds for guardianship, it does not follow that he is either in failing circumstances, or that he contemplated immediate insolvency. Therefore, a direction to the trustee to appropriate the proceeds of his crops to the extinguishment of the debts specified in the deed, is an appropriation of the property which does not require the assent of the creditors, or preclude them from compelling a sale, when their claims are reduced to judgments. Such a deed is not fraudulent *per se*.

2. Nor is such a deed void as conveying the absolute estate to the trustee, or because no time is fixed for the trust to terminate. The trusts prevent the deed from being considered as absolute, and the majority of the wards indicates when the money is to be paid.

3. It is no error to charge that such a deed is in the nature of a mortgage, and if so considered, the party was not precluded from showing any circumstances to the jury to prove it was fraudulent in fact. But where no such circumstances are shown, it is too late to urge in an appellate court that they possibly existed.

Writ of Error to the Circuit Court of Lowndes.

CLAIM interposed by Thomas Smith, on behalf of himself and others, as trustees of a deed executed by Henry Stewart, to certain cotton levied on as his property, at the suit of Frow.

At the trial, the claimants offered a deed from Stewart, dated 19th December, 1842, and conveying to them certain lands, slaves, and other property therein described, as well as certain notes due from divers individuals to the grantor. Among the property thus conveyed, are 25 head of sheep, 125 head of hogs, about 1000 bushels of corn, 15,000 pounds of fodder. All the grantor's household and kitchen furniture, and his provisions of all kinds then on hand. The consideration for the conveyance is, that the grantor was indebted to certain wards in the sum of $25,000, and that certain

named persons were his sureties on the bonds for guardianship. The deed recites that the grantor is otherwise largely indebted, and that the object of the deed is to indemnify and save harmless the sureties on the guardianship bonds ; for this purpose he directs the property conveyed to remain in the hands of the trustees for the indemnity of the sureties, and to be liable to the payment of the wards' money as they severally come of age or marry. The deed stipulates, that the trustees, as soon as they conveniently can, out of the notes conveyed, and out of the proceeds of the crops, after deducting the expenses of the farm, and of the wards, shall pay certain debts in the order specified. The plaintiff in execution objected to this deed as evidence, on the ground that it was fraudulent on its face. The objection was overruled, and the deed passed to the jury. The plaintiff in execution requested the court to charge, that this deed in terms was an absolute sale of the property, from the defendant in execution to the claimants. This the court refused, and instructed the jury, the deed was in the nature of a mortgage.

It was in evidence that the grantor remained in possession of the premises, and to all appearance controlled the plantation. There was evidence tending to show, that in this he was acting as the agent of the claimants, and that one of the claimants had been on the plantation a few times, and when there, had exercised the privileges of proprietor. There was no evidence that the grantor was indebted, at the execution of the deed, in any other manner than by the debts described in the deed. The debt of the plaintiff was created subsequent to the execution of the deed, and after it was recorded. No change of possession took place at the time of executing the deed, or at any time previous to the levy.

The plaintiff in execution excepted to the charge, the refusal to charge, and to the admission of the deed, as previously stated, and the several matters are assigned as error.

G. W. GAYLE, for the plaintiff in error, insisted—

1. The deed is fraudulent, as it provides a security when no debt is due, no equitable interest fixed or determined, and there is no time when the property shall be sold. As to all

the creditors, save the sureties, the deed shows the intent to hinder and delay. [Gazzam v. Pointz, 4 Ala. Rep. 374; Borland v. Walker, 7 Ib. 269.] One may make a deed to secure a surety, but only when some default has taken place, or the liability of the surety has happened. [Perkins v. Mayfield, 5 Porter, 182.]

2. This deed is absolute on its face, as between the grantor and trustees, but the grantor does not part with all his interest, and the reservation makes the deed void. [Richards v. Hazard, 1 S. & P. 139.]

3. If this deed is in the nature of a mortgage, as no law day had arrived, and the property remained with the grantor, it was subject to be levied on, and this idea was excluded from the jury, by the conduct of the court below.

4. The objection to the deed was the proper course to raise the question. [Ashurst v. Martin, 9 Porter, 566.]

J. A. ELMORE and N. COOK, contra, cited Graham v. Lockhart, 8 Ala. Rep. 1; Dubose v. Dubose, 7 Ib. 235; Ravises v. Alston, 5 Ib. 297; 7 Ib. 262.

GOLDTHWAITE, J.—1. There is nothing in this deed from which a court is enabled *per se*, to determine the fraudulent intention of the grantor; for although it is recited he is largely indebted, it does not thence necessarily follow that he was in failing circumstances, or contemplated immediate insolvency. It seems to fall entirely within the principles settled by this court in Dubose v. Dubose, 7 Ala. Rep. 235; Elmes v. Sutherland, Ib. 262; Pope v. Wilson, Ib. 262, and Graham v. Lockhart, 8 Ib. 1. See also, Ticknor v. Wiswall, 9 Ala. Rep. 305.] The deed appears to be a mere security for the indemnification of the grantor's wards, and the sureties upon his guardianship bonds. The direction to appropriate the proceeds of the crops to the extinguishment of the debts specified in the deed, is a direction to the trustees, and without the assent of those creditors, would have no effect to prevent them from compelling a sale of the property so soon as their claims were reduced to judgment.

The same right is possessed by any other execution creditor, unable to obtain satisfaction from other effects of the

grantor. [Dubose v. Dubose, *supra*.] In view of these decisions, the court did not err in refusing to exclude the deed from the jury.

2. We think it a mistake to suppose this deed should be considered between the grantor and trustees, as conveying an absolute estate. It is nothing more than a conveyance upon trusts which are declared by the instrument, and after those are satisfied, the further trust immediately results, to hold the property for the use of the grantor. It is said the deed is absolute, because no law day is ascertained, and therefore the property must remain with the grantees for an unlimited time: this argument loses its entire force when we consider the coming of age of the wards, or their marriage, are fixed as the periods when payment is to be made to them.

3. It is also urged, that if the deed is considered as a mortgage, the estate of the mortgagor remaining with him previous to the expiration of the law day, is the subject of levy and sale, and that this view of the case was prevented by the course pursued in the court below. There are several answers to this objection at this time. In the first place, it does not appear the question was raised in the court below. If it had been so raised, it may be that the period had not arrived, when payment was, by the terms of the deed to be made to the wards, and if the fact was otherwise, the opinion of the circuit court would necessarily have been elicited upon the point, whether the other trusts of the deed were sufficient to support a present estate in the trustees. We incline to the opinion they are so, but decline to determine the point.

Upon the whole, the cause, as presented, is free from error. Judgment affirmed.