## HAWKINS v. MAY.

1. A deed of trust, or mortgage, executed as an indemnity to the sureties of an executor, will be upheld at law, whilst the liability continues. *Quere* —would not a court of equity, upon a proper indemnity being executed, direct a sale of the trust property, at the instance of a creditor of the grantor.
2. The possessory interest of a grantor in a deed of trust, which may be sold under execution, is a certain, ascertained possession, for a definite period.
3. One of two co-sureties may interpose a claim under the statute, for the benefit of both, and if no objection is taken in the primary court, it cannot be made here.

Error to the Circuit Court of Sumter.

TRIAL of the right of property, in which the plaintiff in error was claimant.

The plaintiff levied an execution on certain slaves in the possession of Mahala May, the defendant in execution, and on the trial gave in evidence the will of James B. May, dated 22d September, 1838, as follows: "It is my wish and desire, that all my just debts be paid. It is my wish that my property should be kept together on my plantation, under the superintendance of an overseer. It is my wish, that my wife, Mahala May, should have the use of the proceeds

of my property, for the support and education of my children, and the support of herself. It is my wish, if my wife should never marry, that she should keep the property together, and as each child becomes of age, or marries, to give to each child his, or her equal part; and I do hereby appoint my beloved wife, Mahala May, and my brother, Philip May, my true and lawful executors of this my last will.

The claimant proved, and gave in evidence, a deed, executed by Mrs. May, in which was recited her intended marriage with one Jesse F. Roan—the will of her late husband that the claimant and one Anson Norwood, the parties of the second part, were her sureties, as executrix, and were unwilling to remain longer bound without being secured. In consideration whereof, with the consent of her intended husband, she covenants with them, that immediately after the solemnization of the marriage, she will execute a deed of mortgage for all her right, title, and interest, in and to, the estate of her husband, which may accrue to her, with power whenever they think proper, to take, sell, and dispose of the same, at thirty days public notice for cash; to retain the same so long as may be necessary for their indemnity, and to hold the same so long as their liability may continue, and to raise and retain such sums, and all expenses attending the same, as on final settlement of her said trust, they may be made liable for, or compelled to pay for her, or her husband's acts, &c.

After marriage, the husband and wife executed a deed, in which, after reciting the previous deed, and its provisions, they conveyed by mortgage to the claimant, and his co-surety, all their interest in the estate of the deceased.

The claimant then proved, that a distribution of the slaves of the estate was made among the distributees, and those levied on decreed to Roan and his wife. That the orphans' court determined, that it had not jurisdiction to execute the trusts of the will, and dismissed the cause. That thereupon Roan and wife filed a bill in chancery for the settlement of their administration, which bill is still pending. That the claimant by reason of his liability as surety, has paid about $80, and since the levy, a judgment has been ob-

tained against him for $106, which has been suspended, by an arrangement with the guardian of a legatee.

Upon these facts, the court decided, that upon this deed there was a continuing law day, and such being the case, the claimant could not maintain his right at law, but must resort to equity.

The court refused to charge, that under the deed the grantees had the right to take possession of the property at any time, and having that right, might interpose the claim, and charged, that until a liabily was fixed upon him, he had no right to the possession. And also refused to charge, that if the claimant had paid $80 at the time he put in his claim, he had a right to the possession of the property, and charged, that if the defendant in execution was in possession at the time of the levy, she had such an interest as was subject to levy and sale. To all which the claimant excepted, and which he now assigns as error.

R. H. SMITH, for the plaintiff in error.

1. The claimants had a legal title to the property, which they might protect by trial of the right, and the defendant in execution had no interest subject to levy. [P. & M. Bank v. Willis & Co. 5 Ala. 770; Perkins & Elliott v. Mayfield, 5 Porter, 191-2.]

2. No question was made below as to the right of Hawkins to claim without joining his co-trustee, and this court cannot therefore adjudicate that question.

3. The issue is, whether the slaves were liable to the execution, and it is immaterial whether the title is in claimant solely or not; he might, on this claim, show title in himself and his co-trustee. It is not setting up an outstanding title in a third person.

F. S. LYON, contra.

1. Hawkins could not, in his own name maintain a claim against the slaves in controversy, because the deed relied upon, conveyed the title to Hawkins and Norwood, as sureties of Mahala May, as executrix, and for this reason the plaintiff in execution had a right to recover as against Hawkins.

2. The deed to Hawkins and Norwood, was made to secure them against a contingent liability—such default as the executrix might commit—and is not therefore to be favored as against a *bona fide* creditor, and claimant could not sustain his claim except to the extent of any liability incurred at the time of the claim. [See Perkins & Elliott v. Mayfield, 5 Porter, 182.]

3. If the deed to Hawkins and Norwood was valid, the plaintiffs had a right to subject to their execution the interest of Mrs. May, who was a mortgagor in possession. [McGregor & Darling v. Hall, 3 S. & P. 397.]

4. The plaintiff in execution had a right to subject such interest as Mrs. May had in the slaves, leaving the mortgagees to protect themselves by a resort to a court of equity.

ORMOND, J.—The case of *Perkins and Elliott v. Mayfield*, 5 Porter, 191, is a conclusive authority, that a deed made *bona fide*, in trust to secure a contingent liability, will be upheld against a creditor of the grantor, and that whilst the liability is continuing, and undetermined, the property conveyed in trust, cannot be sold for the debts of the grantor. This case is precisely similar. The deed here is to indemnify the claimant, and his co-surety against loss, as the sureties of the defendant in execution, upon her official bond as executrix, and the case cited is fully in point, it having been shown that the liability is still continuing. Under the equity of the statute, which authorizes a creditor to pay the secured debt, and have the benefit of a trust provided for its payment, the creditor in such a case as the present, it would seem, should be permitted, upon indemnifying the surety against loss, to be permitted to sell the property conveyed for his security. This, it is true, a court of law could not do, but a court of equity has ample power to cause such an indemnity to be executed, and without such a power existing somewhere, deeds of this description must be liable to great abuse. But conceding this power to a court of equity, it is certain, that at law, the deed, if *bona fide*, must be upheld against the claim of a creditor.

In this case however, it appears there was an actual default,

Hawkins v. May.

and that the surety has been compelled to pay a sum of money on account of his suretyship, and according to all the authorities to be found in our books, he had the right to the possession of the property under the deed, to sell for his re-imbursement. Having the right under the deed, to take possession at their discretion, and sell, they cannot be deprived of the exercise of this right, by [the levy of an execution; but may, after the levy, assert their right, and put an end to the possession acquired by the sheriff. [Magee v. Carpenter, 4 Ala. Rep. 469; P. & M. Bank v. Willis & Co. 5 Id. 785.]

The possessory interest of the grantor, which may be sold under execution, against the will of the grantee, is a certain, ascertained possession, for a definite period, and not a permissive possession, such as this, which may be terminated at the pleasure of the grantee, whenever he considers it necessary for his security, and which is in fact terminated by the interposition of a claim.

The question is raised in this court, that both the sureties for whose indemnity the deed was executed, should have interposed the claim. If the objection had been made in the court below, it would doubtless have been in the power of the court to permit the other surety to join in the prosecution of the claim. But as the interest of the sureties in this deed was joint, we can perceive no reason why one should not be permitted to prosecute the claim for both, at all events if it is not objected to. [McGrew v. Hart, 1 Porter's Rep. 175.]

Let the judgment be reversed and the cause remanded.