HOPKINS vs. SCOTT.

1. A deed of trust executed by a defaulting guardian to indemnify and save harmless his securities, which recites that the grantor is indebted to his ward in an amount equal to, or greater than the value of the property conveyed by it, and authorizes the trustee to sell whenever he may think a sale most conducive to the advancement of the purposes of the trust, and to permit the grantor to retain the possession of all the property until the sale takes place, is not fraudulent on its face.

2. When the grantor retains possession of the property, conveyed by deed of trust made in good faith, consistently with the terms of the deed, his possession is not a badge of fraud; and if it be merely permissive, it is not subject to levy and sale under execution at law.

3. In detinue against the sheriff, where fraud in the execution of the deed under which the plaintiff claims is relied upon as a sole defence, and no evidence necessarily tending to raise a presumption of fraud, or to prove fraud itself, is offered on the trial, it is not error for the court to instruct the jury "that the matters in proof did not make out a case of fraud."

ERROR to the Circuit Court of Sumter.

Tried before the Hon. Wm. R. Smith.

Detinue by Scott as trustee against Hopkins, for the recovery of certain slaves and other property.

The bill of exceptions shows, that on the 29th of April, 1847, Robert G. McMahan, guardian of Turner D. Bell, a minor, found himself in arrears to his ward, and on that day made a deed to the defendant in error as trustee, for the benefit of Christopher D. Scott and the representatives of William McMahan, deceased, his securities on his guardian's bond. In this deed it is recited that the ward will not attain his majority until about three years and a half after the date of the deed; that McMahan was very much embarrassed; was in arrears to his ward in about the sum of ten thousand dollars, and was desirous to secure, indemnify, and save harmless his securities, and to provide, as far as he could, for the payment of the sum due his ward on final settlement of his guardianship; in consideration of which and of five dollars, acknowledged to be received of Lewis M. Scott, he sells and conveys to him certain lands, slaves, household furniture, and various other articles of personal property, to be held by Scott on the following trusts :

1. That if the said grantor shall fail to pay the amount that may be due to his ward when he attains the age of majority, or whenever a settlement is effected of his guardianship, or shall fail to save his sureties harmless from loss and damage, —then the trustee, on giving thirty days notice of the time, place, and terms of sale, may sell all the property conveyed, and after paying the cost of the trust, apply the residue to the amount due his ward;

2. The trustee shall have full power and authority to sell all or any of the property conveyed, for cash, on thirty days' notice, whenever he may consider it most conducive to the interest of the ward, and hold the proceeds until they can be legally applied to the amount due the ward, or the discharge of the liability of his sureties on his guardian bond;

3. The trustee is authorized to permit R. G. McMahan to retain possession of the property conveyed until a sale becomes necessary, or most conducive to effect the object of the trust, or may hire, rent, or sell the same, or any portion thereof, and thereby increase the fund for the payment of the amount due the ward, (the value of the property being large-

ly inadequate as a security); and the proceeds of any such hiring or renting, so made by the trustee, to be held by him on the same trust as the property itself.

The plaintiff then proved the execution of the deed, and the truth of the recitals contained in it, except the amount of McMahan's indebtedness to his ward; and on this subject the proof was, that at the making of the deed, McMahan had made the best computation he could of this indebtedness, and supposed it to be $9,400, that it had since been truly ascertained, and was found to be $9,868 16-100, at that time; that the sum of $10,000 was inserted by the draftsman, without McMahan's saying or doing more than furnishing the estimate aforesaid.

The defendant then proved that on the 6th of December, 1848, he was sheriff of Sumter county; and as such, levied sundry valid executions against McMahan, Southerland & Co. (of which firm, R. G. McMahan, the grantor in the deed, was a partner) on the property in controversy, as the property of McMahan—the liens of these *fi. fas.* did not attach until after the date and registration of the deed to the plaintiff; that he possessed said property under such levy when this suit was brought. It was further proved by defendant, that McMahan and his mercantile partners were all insolvent when the deed was made, and this deed included all McMahan's individual property; and about the same time, McMahan, Southerland & Co. made a general assignment of the effects of the firm to a trustee for the benefit of the creditors of the firm; that McMahan had remained in undisturbed possession of all the property conveyed, by permission of the trustee, from the date of the deed until the levy, and was so possessed, when the levy was made. This was all the material proof in the case, except the proof of the value of the property sued for.

Under this proof, the court ruled, that the deed was not fraudulent on its face, and charged the jury:

1st. That the matter in proof did not make out a case of fraud;

2d. That under the provisions of the deed, and the facts proved, no estate was in McMahan which was subject to levy.

To this ruling and these charges of the Circuit Court the defendant excepted, and the case is brought here for revision.

R. H. SMITH, for plaintiff in error:

1. It is a principle often recognized by the Supreme Court that an insolvent debtor making an assignment, must not stipulate for any benefit to himself, but must fairly appropriate the property to his creditors. Providing for the retention of possession by the grantor, until the law day, is not fraudulent; for it is a consequence which follows, without any stipulation to that effect, and the creditors may reach any such interest. But the deed in this case does, virtually, and in the most objectionable manner, reserve an interest to the grantor, and yet keep off his creditors. The grantor empowers his appointee to confer on him a right which he cannot directly reserve. The stipulations leave no estate which a creditor can reach, (12 Ala. 673,) and yet one which the debtor may, by the permission of the trustee, enjoy for years. Permitting the grantor to enjoy in a manner inconsistent with the purposes of the trust, is evidence of fraud, 4 Ala. 374; 12 ib. 101; 10 ib. 93.

2. This case is clearly distinguishable from all the cases on which the defendant in error relies. See Abercrombie v. Bradford, 16 Ala. 560, and the other cases cited on defendant's brief.

REAVIS AND BLISS, for defendant in error:

I. The deed is not fraudulent on its face, and the evidence before the jury did not show it to be fraudulent in fact, for,

1. It is no objection to the validity of the deed, that it conveys all the grantor's property, for the indemnity of his sureties and his ward. He had the right to give this preference. See the cases cited in 1 Reavis' Dig. p. 76, § 1; also, Hindman v. Dill, 11 Ala. Rep. 689.

2. The fact, therefore, that the grantor was in failing circumstances, can not affect the validity of the deed. Hindman v. Dill, 11 Ala. Rep. 689; and the cases cited in 1 Reavis' Dig. p. 76, § 1.

3. A deed made *bona fide*, in trust, to secure a contingent liability, will be upheld against a creditor of the grantor, and while the liability is continuing, and undetermined, the property conveyed in trust, cannot be sold for the debts of the grantor. Hawkins v. May, 12 Ala. Rep. 673; Perkins v. May-

field, 5 Port. 182 ; Frow v. Smith, 10 Ala. Rep. 571; Dubose v. Dubose, 7 Ala. Rep. 235 ; Elmes v. Sutherland, ib. 262 ; Pope v. Wilson, ib. 690; P. & M. Bank v. Clarke, ib. 765; Tarver v. Roffe, ib. 782; Graham v. Lockhart, 8 Ala. Rep. 9; Cunningham v Freeborn, 11 Wend. 241.

4. The stipulation in the deed, that the trustee may permit the grantor to retain possession, is not a badge of fraud. See the cases cited in 1 Reavis' Dig. p. 431, § 99 ; also, Graham v. Lockhart, 8 Ala. Rep. 20 ; Abercrombie v. Bradford, 16 Ala. Rep. 564–5, which is precisely in point; Barton v. Wheeler, 9 Pick. 21; Brock v. Headen, 13 Ala. Rep. 376.

5. Nor is the retention of possession, under the stipulation, Johnson v. Cunningham, 1 Ala. Rep. 249 ; Malone v. Hamilton, Minor, 286; Abercrombie v. Bradford, 16 Ala. Rep. 560; ib. 567–8.

· 6. The discrepancy between the amount of the debt secured in the deed, and the amount proved to be due, cannot affect the validity of the deed; there being no evidence that the amount was overstated, with a fraudulent intent ; Pennington v. Woodall, 17 Ala. Rep. 688; Bumpass v. Dotson, 7 Humph. 310, 316.

7. If there were any evidence of a fraudulent intent on the part of the grantor, in making the deed, that could not affect the beneficiaries, who are not shown to have participated in it. Stover v. Herrington, 7 Ala. Rep. 142 ; Anderson v. Hooks, · 9 Ala. Rep. 704; Abercrombie v. Bradford, 16 Ala. Rep. 560.

II. The grantor's possession, was merely permissive, and therefore not subject to be levied upon. Hawkins v. May, 12 Ala. Rep. 677.

For these reasons, the charges of the court were correct.

LIGON, J.—1. The deed which forms a part of the bill of exceptions does not on its face show that it was intended to hinder, delay or defraud the creditors of the grantor. It purports to be made upon a full and ample consideration, and with the intention to save harmless certain persons who had become the securities of the grantor on a guardian's bond, and it further shows upon its face, that the grantor was in arrears to his ward in a sum exceeding the value of the prop-

erty conveyed. The right of a debtor, fairly, and in good
faith, to prefer one creditor over another, or over all others,
when he finds himself in failing circumstances, is too well
settled by this, and other courts, to be doubted at this day.
Grimshaw v. Walker, 12 Ala. Rep. 101; 7 Ala. Rep. 143;
4 Ala. Rep. 374; 9 Por. 566.

2. It is also well settled, that the retention of possession
by a grantor in a deed of trust, if such possession is consis-
tent with the terms of deed, is not a badge of fraud; nor is it
a circumstance from which an inference of fraud would
necessarily arise. McGee v. Carpenter, 4 Ala. Rep. 469;
Ravisies v. Alston, 5 Ala. Rep. 297; 8 Ala. Rep. 694; 7
Ala. Rep. 235; 6 Ala. Rep. 356. From the bill of excep-
tions in this case, it appears that the only proof relied upon
by the plaintiff in error, in the court below, was, that McMa-
han, the grantor, was permitted by the trustee to retain the
possession of the trust property after the deed was made,
until it was taken from him by the plaintiff in error. The
deed stipulates that the trustee "is authorized to permit
Robert G. McMahan (the grantor) to retain possession of the
property conveyed, until a sale becomes necessary, or is
most conducive to effect the object of the trust." The pos-
session of McMahan was strictly consistent with one of the
terms of trust. It is therefore no badge of fraud, nor is it a
circumstance from which fraud must necessarily be inferred.
The case, then, stands as though no direct proof of fraud in
fact had been introduced on the trial below, and under these
circumstances we do not think the court erred, in charging the
jury as it did on this branch of the case. It is said by this
court, in the case of Sheffield & Co. v. Parmlee, 8 Ala. Rep.
889, that "it is our uniform course to construe the charge of
the court in connection with the evidence before it, and the
questions raised;" and it has been again and again held here,
that where there is no conflict of evidence, it is not error for
the court to charge generally, that one party or the other is
entitled to a verdict. 15 Ala. Rep. 276; 13 Ala. Rep. 713;
cum multis al. Here the question was, does McMahan's pos-
session, under the circumstances of the case, furnish evidence
of fraud in making the deed? is it a badge of fraud? We
have seen that it is not allowed by law to have that effect; so

the case stands as though no proof of fraud had been introduced, and there is no conflict of evidence. It could not, then, be error to charge the jury that, if they believed the evidence, they should find for the plaintiff; and in effect, the charge here given is the same. Had a more specific charge been desired by the defendant, he should have asked for it.

3. To the last charge of the court below, we do not see that any just exceptions can be taken. The deed and the proof both show that McMahan's possession was merely permissive, and was liable to be terminated at the pleasure of the trustee. McMahan could not legally retain it one moment beyond the will of the trustee, and it was not error for the court to say to the jury that he had no such estate in the property, as was subject to levy and sale under execution on a judgment at law. See Hawkins v. May, 12 Ala. Rep. 673. It is a conclusion of law, which the court had a right to draw, and in this case it was a proper conclusion.

There is no error in the record, and the judgment is consequently affirmed.