ABNEY, ADMINISTRATRIX, vs. PICKETT.

1. An administrator *de bonis non* is only entitled to the assets of the testator or intestate which remain in specie, unadministered by the executor or administrator in chief.

2. When the testimony is clear and without conflict, and it is only necessary to draw a legal conclusion from it, it is not error for the court to charge the jury, that, if they believe the evidence, they must find for the party whose case is thus made out.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. TURNER REAVIS.

ASSUMPSIT by the plaintiff in error, as the administratrix *de bonis non* of Hardy Abney, deceased, against Martin Pickett, the defendant in error. The cause of action is thus endorsed on the writ : "This action is founded upon the following facts : Hardy Abney, in his lifetime, held and *owned* a note made by John M. Stewart, for about $230, payable to Jesse Cage; which note the defendant collected, and appropriated to his own use, since the death of said Abney." Common counts were added.

The bill of exceptions shows the following state of facts: On the first of January, 1844, John M. Stewart made to Jesse Cage his due bill, for $232$\frac{92}{100}$; on the fourth of April, 1845, Hardy Abney, having said due bill in his possession, called on Stewart for payment of it, and received from the latter $82$\frac{22}{100}$, in part payment of it; but at this time Abney did not claim the note as his own, but demanded payment on it as the note due to Jesse Cage. Cage sold the note to one Bissell for $50, to whom Abney went, representing himself as the friend and agent of Cage, and stating that Cage was drunk when he sold the note, and after paying Bissell the $50 advanced by him took the note into his possession; said note was never assigned, or otherwise transferred in writing to Abney. Abney died in the spring of 1845, and Cage in the following autumn. Letters testamentary on the estate of Abney were granted to one Hart, and Martin Pickett became the executor and sole legatee of Cage. Abney's executor, on obtaining a knowlege of the facts under which his testator got

possession of said note from Bissell, surrendered it to Pickett, as the executor of Page, and the latter paid him $50, the amount advanced by Abney to Bissell. For the sum thus received from Pickett Hart accounted, on the final settlement of his administration, on Abney's estate.

It was further shown, that said Cage was an illiterate man, and that Abney, as his friend, was in the habit of making settlements for him. When Abney died, no credit had been entered on said note for the $82$\frac{22}{100}$ paid by Stewart; but on his making out an account, and verifying it, Hart, the executor, allowed it to him; and this appears in his final settlement. The note was never otherwise accounted for by him, than as above stated.

On these facts, the court charged the jury, that, if they believed the testimony, they must find for the defendant; to which the plaintiff excepted. The charge of the court is the only error assigned.

JAMES O. WILLIAMS, for plaintiff in error.

JNO. F. VARY, contra.

LIGON, J.—There is no error in the charge of the court. The proof is very clear, that the plaintiff's testator acquired the possession of the note as the agent of Cage, the payee, and that he claimed no interest in it. When Stewart made the partial payment, which he proves he did make, he testifies that Abney spoke of the note as due to Cage. It was never endorsed to Abney, and it is fair and legitimate to infer, that he only held it as agent for the payee until the time of his death. When he received the $82$\frac{22}{100}$ from Stewart, he was overpaid the amount he advanced to Bissell to procure the note from him, and was left without any pretext on which to found a claim to the note, or any part of its proceeds; and his executor acted both rightly and prudently when he surrendered it to the executor of Cage, without attempting to litigate his title to it.

Again; the present plaintiff cannot set up any title to the proceeds of the note, even if it were in fact the property of Abney's estate, for she is an administratrix de bonis non, and it is well settled that such an administratrix is not entitled to

the assets of the testator's estate, except so far as they remain in specie, and unadministered by the executor. Here it is distinctly proved, that Hart had disposed of this note, accounting with the Orphans' Court for all that he had received upon it which properly belonged to his testator's estate, and receiving credit in his account for the sum he was compelled to pay out on account of moneys which testator had received on it, above the sum he had advanced to Bissell. If he had acted improperly in respect to it, he alone was accountable to the representative or legatees of the estate of Abney. He had, in fact, fully administered upon it. Swink's Admr. v. Snodgrass, 17 Ala. 653, and authorities there cited.

But it is contended that the facts did not authorize the court to charge so pointedly in favor of the defendant. We have repeatedly held, that where the testimony is clear, and without conflict, and it is only necessary to draw a legal conclusion from it, it is not error for the court to charge the jury, that if they believe it, they must find for the party whose case is thus clearly made out; and such is this case. Hopkins v. Scott, 20 Ala. 179, and authorities there cited.

There is no error in the record, and the judgment is affirmed.