# Coker *v.* Shropshire *et al.*

### *Bill of Injunction.*

1. *A deed of trust to indemnify sureties on a bond is not invalid as to existing creditors.*—A deed of trust on lands and personal property executed by a guardian of minors to save harmless sureties on his bond, and reserving to the grantor the right of possession of the property until the children arrive at their majority, is not invalid on its face as to existing creditors.

2. *One creditor can not enforce his rights so capriciously as to defeat the rights of others.*—If one party has a lien or interest in two estates, and another in only one of the estates, a court of equity will not permit the former to elect against which he will proceed, so as to defeat the claims of the latter: but the party having such interest in both estates can not be compelled to resort only to one of them, unless it is shown to be sufficient to satisfy his interest or debt; and a bill filed for such purpose, without a clear averment to that effect, is defective.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. N. S. GRAHAM.

On the 15th day of February, 1859, one Andrew Poore was appointed guardian of the estates and persons of two minors, named, respectively, William H. Shropshire and John B. Shropshire. On the same day he executed a bond to the judge of probate of Cherokee county in the sum of six thousand dollars, conditioned for the faithful performance of the duties required of him by law as such guardian. This bond was also signed by David C. Daniel, Lewis Cunningham and Joseph L. Cunningham, as his sureties.

" Afterwards, on the first day of May, 1861, the said Poore executed and delivered to William L. Whitlock a deed of trust by which he conveyed to him, both real and personal property, for the purpose of holding his sureties on the said bond harmless, and also to secure the payment of the money which might be due to the said minors when they attained their majority. But it was expressly stipulated in the conveyance that the grantor should retain the possession of all the property conveyed until the minors should arrive at the age of twenty-one years.

On the 20th day of November, 1861, the said Poore made and delivered another deed of trust to the said Whitlock, and thereby conveyed to him personal property for the greater indemnity of the said D. C. Daniel, one of his sureties. Both of the deeds contained the same stipulations.

None of the property conveyed was ever delivered to the trustee. The grantor retained possession, and exercised all rights of ownership over it, as absolutely as if no deed had been made.

On the 17th of December, 1864, the said Poore sold and conveyed to John W. Coker, one hundred and twenty acres of land, " known as the Blue Pond Place," which had already been conveyed to the said Whitlock, in trust, for the purposes already mentioned. The said Coker, to obtain possession of the land so purchased by him, commenced an action in the Circuit Court of Cherokee county against one Calvin 'Tucker, who held it adversely to the purchaser.

On the sixth day of May, 1869, the said Whitlock, trustee as aforesaid, filed a bill of complaint in the Chancery Court of the same county, against the said Coker, and at the January term, 1871, of the said court, obtained a decree perpetually enjoining him from the prosecution of his suit against the said Tucker.

The said Poore never made a final settlement of his guardianship. He " died in Massachusetts about the 18th day of March, 1872 ;" and " on or about the 26th day of June, 1873, one Hugh W. Cardon sued out letters of administration from the Probate Court of Cherokee county upon the estate of the said Andrew Poore, deceased, and assumed the duties of said appointment." The said decedent at the time of his death owned land in Cherokee county, which was not embraced in either of the deeds of trust made by him.

In 1873, the said William H. Shropshire and John B. Shropshire filed a bill of complaint in the Chancery Court of Cherokee county against "the said Hugh W. Cardon, as administrator of the estate of the said A. Poore, deceased, and said David C. Daniel et als.; and at the hearing of the said bill at the January term, 1874, of the said court, a final decree was rendered pro confesso against the said defendants for one thousand dollars and costs," and to subject said lands to sale by the register of the said court.

Afterwards, the said Daniel induced the said Whitlock to sell all the land described in the said deed of trust, on the first Monday in February, except about forty acres, known as the Mapp tract. The sale of the land included the one hundred and twenty acres alleged to have been previously sold to the said Coker by the said decedent.

On the foregoing facts, the said John W. Coker filed a bill of complaint in the Chancery Court of Cherokee county on the 17th of March, 1874, against the said W. L. Whitlock,

David C. Daniel, and his wife, Mary F. Daniel, and the non--resident heirs of the said Andrew Poore, Hugh W. Cardon, as administrator of said estate, and W. H. and John B.. Shropshire.

The prayer of the bill was, "that the said administration of said estate be removed into the Chancery Court, and that the assets of the said estate be marshalled therein; and the said administrator proceed to take administration of all such assets as may be discovered in the adjudication of this case, and that the said sale made by said Whitlock on the first Monday in February last, of the said land bought by your orator from said Poore, be set aside and held for naught, and that the complainants in said bill of complaint of the said. William H. and John B. Shropshire, their agents and attor--neys, said D. C. Daniel, and register of your honor's court, be severally enjoined from selling the said land in orator's said deed from said Poore, mentioned," &c.

A writ of injunction was issued on the sixth day of April, 1874.

The respondents moved to dissolve the injunction, and demurred to and answered the bill of complaint. On the final hearing, the court sustained the demurrer and dismissed the bill of the complainant for want of equity.

WATTS & WATTS, for appellants.—1. The sole question in the case is whether the bill contains equity. The complainant was a purchaser for value. The terms of the deeds of trust authorize Poore, the grantor, to retain possession and exercise absolute control over the property till the wards arrived at age. These deeds were intended merely to indemnify the sureties on the bond of the guardian. Subject to this, Poore had full right to sell, and he sold all his right to Coker. This gave Coker a right to the possession of the place, and to receive its rents, issues and profits, until there was a forfeiture under the deeds of trust.—20 Ala. 798; 9 Ala. 633; 23 Ala. 770.

2. J. C. Daniel continued liable on the guardian's bond, and received more than enough before the compromise with the wards to indemnify himself. As against Coker he had no right to the land sold by Poore to Coker. His equity against a claim under the trust deed is complete, when it was shown that the only surety on the guardian's bond who was liable had received more from Poore than he had agreed to pay the Shropshires.—16 Ala. 454; 21 Ala. 705; 26 Ala. 728.

[Coker v. Shropshire.]

3. Whitlock's bill enjoining Coker from prosecuting his suit against Tucker and a decree thereon, appealed to and now pending in the Supreme Court, can not destroy Coker's right to relief on the other facts of the case. That judgment could not conclude Daniel, who, under the facts in this bill, is the only party interested. In order that a judgment should be conclusive and an estoppel, it must conclude both parties. But the appeal suspends the operative effect of the decree of *Whitlock v. Coker.—Ex parte* Scott, 47 Ala. ——; 5 Cranch. 261. It is manifest on the facts stated in the bill that Whitlock had no right to enjoin Coker from prosecuting his suit against Tucker, because no liability had been incurred by any of the sureties on the guardian's bond.

S. K. McSPADDEN, and J. B. WALDEN, for appellees. 1. If the bill be wanting in equity the injunction should be dissolved, whether the answers deny its allegations or not. 15 Ala. 501; 22 Ala. 583; High. on Inj. § 880. If the allegations are insufficient to warrant the interference of the court by injunction, it may be dissolved, although the bill may be retained for other relief.—27 Ala. 519; 37 Ala. 688.

2. If the answer contains a full and complete denial of the allegations upon which the equity of the bill rests, the injunction should be dissolved.—High on Inj. § 896; 38 Ala. 51; 35 Ala. 579. The answer must not only deny the equity of the bill, but must be sworn to, whether the bill waives the oath or not.—Rule 32, Revised Code, 827; 17 Ala. 258; 35 Ala. 282.

3. Upon a motion to dissolve an injunction, the answer must be regarded only so far as it is responsive to the bill; but the denial must be clear and explicit.—High on Inj. §§ 876, 883; 17 Ala. 667. If the charges in the bill are positive, and the answer only on belief, the injunction should be retained.—3 Ala. 498. But if the allegations of the bill are on information and belief, and the answer denies them in the same manner, the injunction will be dissolved.—High on Inj. § 896; 10 Ala. 485.

4. Injunction may be dissolved upon the answer of those defendants in whose knowledge the facts must be.—7 Ala. 539; High on Inj. §§ 910 and 913. Deception and misrepresentation on the part of those obtaining the injunction, affords strong ground for its dissolution.—High on Inj. § 585.

5. Coker, the complainant, can not come into equity to bring the estate of Poore to settlement: even a creditor must

exhaust his legal remedies against a legal estate, or charge fraud upon his debtor before he can come into equity. But Coker is no creditor, and can not do so.—16 Ala. 548; 20 Ala. 661, 817; 31 Ala. 172. He is at most a purchaser with notice, and without consideration. If there are two funds, and all will not pay out the sureties, the prior lien is good. 1 Story Eq. §§ 633, 642, 643, and 1233, and 1235.

6. There was but one estate upon which the *cestui que trust* had a lien, and can not be required to elect. The complainant is in no condition to require the marshalling of assets or of securities.—1 Story Eq. §§ 633, 634.

BRICKELL, C. J.—The precise theory on which the bill is filed, it is difficult to determine. It may have been intended as a bill by a creditor seeking in equity to marshal the assets of a deceased debtor, and to subject lands he had aliened in fraud of creditors, and this in some of its aspects seems to have been the view of the pleader. Or, it may be that it was intended as a bill by an alienee of a mortgagor to redeem, seeking from the mortgagor an account of rents and profits, and of property embraced in the mortgage which he had converted and should be required to apply in extinguishment of the mortgage debt. Whether the one or the other be the theory of the bill, its allegations are too vague and indeterminate to justify any decree.

The validity of the deeds of trust to Whitlock, for the protection of the sureties of Poore as guardian, is sustained by several decisions of this court.—*Perkins v. Elliott*, 5 Port. 182; *Frow v. Smith*, 10 Ala. 571; *Hawkins v. May*, 12 Ala. 673; *Reynolds v. Cook*, 31 Ala. 634. The purchase from Poore, by the complainant, of a part of the lands subsequently, passed to him only the equity of redemption. A court of equity will for his ease compel the trustee and beneficiaries in the deeds of trust, to exhaust the other property conveyed, before resorting to the lands he has acquired. The principle is of general application, that where one party has a lien on or interest in two estates, and another has a lien on or interest in one only of the estates, a court of equity will not permit the former by his mere election to defeat and disappoint the rights and claims of the latter. The one must first proceed against and exhaust the estate, the other can not reach, if that is necessary to adjust the rights of both parties.—*Pullen v. Agricultural Bank*, 8 Sm. & Marsh. 337. It is not shown by the present bill, that the property conveyed by the deeds of trust, other than the lands aliened to

[Cheatham v. Newman.]

the complainant, is of sufficient value to indemnify the ben-
eficiaries in the deeds of trust. Without a clear and distinct
averment of this fact, the principle can not be invoked.

As an alienee of the mortgagor seeking to redeem, the bill
is wanting in necessary averments, and in an appropriate
prayer. If in this capacity the complainant was seeking
relief, he would be entitled to an account of all rents and
profits received by the trustee, or the beneficiaries after the
law day of the deeds of trust had expired. So, he would be
entitled to an account of all personal property, if any, Poore
had with the consent of the *cestuis que trust,* converted after
they had notice of the alienation to him. And he would be
entitled to a like account of any personal property the trustee
with the knowledge and consent of the *cestuis que trust,* or
the *cestuis que trust* may have converted after notice of his
purchase. Of course we mean rents and profits of the real
estate, and personal property conveyed by the deeds of trust,
and not other real estate, or personal property which may
have been held by Poore.

It may be the complainant can present a case entitling
himself to relief, and that he may not be prejudiced by the
insufficiency of the bill as it now stands, the decree of the
chancellor is corrected so as to dismiss the bill without pre-
judice, and as thus corrected is affirmed.