SNOW & CO. v. RAY.

1. No objection can be taken to a warrant, issued by a justice of the peace, in the firm name of the plaintiffs; and, on appeal, the names may be recited at length in the statement or declaration.

Error to Tuscaloosa County Court.

This suit was commenced before a justice of the peace, and carried by appeal to the County Court of Tuscaloosa county; Charles Snow & Co. were the plaintiffs before the justice.

In the County Court, the plaintiffs filed a statement, setting forth the persons composing the firm of Charles Snow & Co. To this the defendant pleaded in abatement, that the promise was made to the persons composing the mercantile firm, and not with Charles Snow individually, as alledged in the warrant. To this plea there was a demurrer, which does not appear to have been disposed of. The record also contains a demurrer to the statement, for a variance between the plaintiff in the writ, and statement filed as a declaration, which the Court sustained, and rendered a judgment for the defendants, from which the plaintiffs prosecute this writ of error.

PECK, for plaintiff in error.
MOODY, contra.

ORMOND, J.—Great indulgencies have always been shown by this Court, to the proceedings before a justice of the peace. Substance is all that is required—form is entirely disregarded. The designation of the firm name in the warrant, conveyed to the defendant all the information it was necessary he should have, to enable him to make his defence. In the County Court, the proceedings assume more regularity, and the names of the parties composing the firm are set out at length. This was all that was necessary, and no exception should have been allowed for the supposed defect in the warrant. This point was thus ruled in the case of Condrey v. Henly & Murphy, 4 Stew. & Por. 10. No notice has been taken of the plea in abatement, because the same question arises on the demurrer to the declation. Let the judgment be reversed, and the cause remanded.