SAMPLES v. WALKER, ET AL.

1. When an execution is made returnable at an impossible day—as of a year which was gone when the execution issued—the sheriff cannot take advantage of the irregularity, when a motion is made against him and his sureties for a failure to return it within the time prescribed by law.

Writ of Error to the Circuit Court of Randolph.

MOTION, at the instance of Henry Baker, against Walker, as sheriff, and others, as his sureties, for failing to return an execution, and for failing to pay over the amount of it. The notice of the motion is dated in December, 1842, and is addressed to the sheriff and his sureties, by name, advising them that at the next term of the County Court a motion would be made against them for the amount of a certain execution there set out. In this notice the execution is described as having been issued on the 7th January, 1842, returnable to the County Court to be held for said county, on the first Monday of July, 1841. That the said writ of execution came to the hands of the sheriff on the 7th January, 1842, to execute and return according to law, and to the exigency of the said writ. It then proceeds to aver, that Walker was sheriff at the issuance of the execution, and until after its return day, and that he wholly failed to make his return of said writ within the time prescribed by law, and having failed to make the money thereon, and to pay over the same, upon demand made by the plainiff at the July term of said court,

1841. It then proceeds to advise the sheriff, &c., that the plaintiff will move against them for the amount of the execution, and five per cent. damages on the same, for each and every month the said Walker has failed to make his return as aforesaid, and to pay over the money as aforesaid. The motion was transferred from the County Court, where it was made, to the Circuit Court, in which the death of the plaintiff was suggested, and Samples, as his administrator, made a party.

It is said in the judgment entry, that the defendant's demurrer to the notice was overruled, as well as a plea of *non est factum* pleaded by them; but finally the motion was submitted to a jury as on issue joined, who returned a verdict for the defendants; on which judgment was entered.

At the trial the execution was in evidence, purporting to be issued on the 7th July, 1842, returnable the 1st Monday of July, 1841, and actually returned on the 26th July, 1842. The execution docket was introduced to show that it was in fact issued in January, 1842. It was not returned within the three days next before the regular term of the court, which by law was then fixed on the 4th Monday of July, at which time it was holden. The sheriff produced the execution, in which he is required to return the writ on the first Monday in July, 1841.

The court charged the jury, that under such a state of pleading and evidence, the plaintiff was not entitled to recover.

To this charge the defendant excepted, and now assigns it as error.

Bowdon, for the plaintiff in error.

White, contra.

GOLDTHWAITE, J.—The whole of this case amounts to no more than this. The sheriff, in defence of a motion against himself and sureties, attempts to shew, and succeeds in shewing, the execution was made returnable on an impossible day. This is only what the plaintiff in the motion had previously admitted in his notice, as the execution is there

set out precisely as it afterwards appeared in evidence. It is the established rule, that no sheriff will be permitted to discharge himself on account of any irregularity in process. [Watson on Sheriffs, 53; McRae v. Colclough, 2 Ala. Rep. 74; Woods v. Bondurant, 1 ib. 543; Anderson v. Cunningham, Miner, 48.] There is no question the clerk committed a mistake, both in the year and the Monday of the month, in stating the time for the return, but this did not affect the sheriff, or make it the less his duty to make the money and return the process according to law. Although it may admit of doubt whether the notice is not defective in setting out what will be moved, yet this did not warrant the court in charging that a recovery could not be had upon the evidence before the jury. For any thing which appears, the motion actually made was for not returning the execution.

Judgment reversed, and cause remanded.