## COUCH *vs.* ATKINSON.

[MOTION AGAINST CONSTABLE FOR FAILURE TO MAKE MONEY ON EXECUTION.]

1. *Change of parties plaintiff in action commenced in justice's court.*—In an action commenced before a justice of the peace, in the name of *Wm. H. Couch & Co.* as plaintiffs, and removed by appeal to the circuit court, the names of the partners composing the firm being nowhere set out in the proceedings, the plaintiffs may declare in the circuit court in the name of *William H. Couch* individually.

2. *Validity of fi. fa. as affected by mistake in names of parties.*—An execution in favor of *Wm. H. Couch* individually, issued by a justice of the peace on a judgment in favor of *Wm. H. Couch & Co.*, is not void, when it appears that the names of the partners composing the firm are nowhere set out in the proceedings.

3. *Irregularities in judgment and fi. fa. not available to constable and sureties.*—In a summary proceeding against a constable and his sureties, for his failure to make the money on an execution, (Code, §§ 2601, 2603,) the defendants cannot take advantage of any mere irregularities in either the judgment or the execution, which do not render the process void.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. E. W. PETTUS.

THIS was a motion for a summary judgment against William Atkinson and the sureties on his official bond as constable, for his failure to make the money on an execution when by due diligence he might have made it, and was commenced in a justice's court. In the summons issued by the justice, and all the subsequent proceedings before him, the plaintiffs in the motion were styled Wm. H. Couch & Co.; but the names of the partners composing the firm were nowhere stated. The case having been removed by appeal to the circuit court, a statement, or complaint, was there filed in the name of Wm. H. Couch individually, to which the defendant pleaded, and went to trial without objection. On the trial in the circuit court, as appears from the bill of exceptions, the plaintiff introduced as a witness the justice of the peace who rendered the judgment and issued the execution thereon on which the constable's alleged default was predicated, and

41

who testified, in connection with his docket, which he produced, that he rendered a judgment, on the 6th March, 1855, in favor of Wm. H. Couch & Co. against Leontine Sawyer; that he issued an execution on this judgment on the 14th March, 1855, which went into the hands of the defendant Atkinson as constable, and was by him duly returned "no property found;" that this execution was, by mistake, issued in the name of Wm. H. Couch, instead of Wm. H. Couch & Co.; and that there was no judgment on his docket in favor of Wm. H. Couch against said Sawyer. The justice's docket showed, that said judgment was in favor of Wm. H. Couch & Co., but nowhere set out the names of the partners composing the firm; and the execution thereon, in favor of Wm. H. Couch, was also produced. The plaintiff offered evidence tending to show, that said Sawyer, at the time said execution went into the constable's hands, was in the open possession of property more than sufficient to satisfy it; and evidence was indroduced by the defendants tending to show, that said Sawyer, whenever the constable attempted to levy the execution, concealed his property. The court charged the jury, on all the evidence adduced, "that if they belived the evidence, they must find a verdict for the defendants;" to which charge the plaintiff excepted, and which is now assigned as error.

J. F. CLEMENTS, and R. M. WILLIAMSON, for appellant. BAINE & NESMITH, contra.

RICE, C. J.—Before the Code, the law required that the proceedings in a suit, commenced in a court of record, should set forth *the names* of the parties, plaintiff and defendant, with such certainty as to enable the court to determine in whose favor and against whom to render judgment. Because that requisition was not complied with, a proceeding by garnishment, commenced in the circuit court, against "*the firm* of James Reid & Co.," which did not anywhere disclose *the names* of the partners composing the firm, was, *on error*, held defective and quashed by this court.—James Reid & Co. v. McLeod, 20 Ala. 577.

Greater indulgences have been allowed by this court to proceedings before a justice of the peace, because "*our statutes are very comprehensive in curing defects in proceedings before such an officer.*" Thus, where a proceeding was commenced before a justice by Henley & Murphey, without setting out their christian names, it was held that the failure to set forth their christian names was not a fatal defect, although, if it became necessary, after an appeal to a court of record, to file a declaration and plead, it would be required that the pleadings should regularly set out the names of the parties.—Condry v. Henley & Murphey, 4 Stew. & Por. 9. Where a suit was commenced before a justice by " Charles Snow & Co.," and was carried by appeal to a court of record, and the plaintiffs there filed a statement setting forth the persons composing the firm of Charles Snow & Co., it was held that the statement was allowable.—Snow & Co. v. Ray, 2 Ala. 344.

Upon the reasoning employed in the two cases last cited, we have no doubt, that a statement, filed in the court of record, after the appeal to that court, in the name of Charles Snow as the only plaintiff, would have been held allowable, although it be admitted that *a change* of the parties was not allowable in such cases. In other words, where the plaintiff is described in the leading process issued by a justice, as *Charles Snow & Co.*, the liberality shown to proceedings before a justice, under our statutes, requires the court of record, to which the case may be taken by appeal or *certiorari*, to allow the plaintiff, by the declaration or statement filed, to give to the suit the character of a suit either by Charles Snow & Co. as a firm, or by Charles Snow as the sole plaintiff. The "& Co.," which came after Charles Snow in the process, opens the door to explanation by the pleadings that may be filed in the cause; but, *if left wholly unexplained* by the process or pleadings, the words are without meaning, and treated as surplusage.—Chapman v. Spence, 22 Ala. 588; Crimm v. Crawford, 29 Ala. 623; Agee v. Williams, 30 Ala. 636; Gibson v. Land, 27 Ala. 117. And whether the declaration or statement might be in the name of Charles Snow only, or in the names of Charles Snow and the other per-

sons composing the firm of Charles Snow & Co., the case would not be treated as one in which the parties had been *changed.*

Section 2142 of the Code changes the law above stated, so far, but so far only, as to allow partners, who transact business under a common name, to "*be sued* by their common name."

[2.] The suit, judgment and execution before the justice, against L. Sawyer, brought to notice in the record now before us, are not questioned on appeal or *certiorari,* or in any other direct mode, but *collaterally.* They are not questioned by Sawyer, the defendant therein, but by a constable, who is here charged with not doing his official duty under the execution, which it appears was placed in his hands. He contends, that he is protected, because the execution against Sawyer issued in favor of William H. Couch, and the warrant and judgment were not in favor of William H. Couch, but in favor of William H. Couch & Co. It is true the warrant and judgment were in favor of William H. Couch & Co., but it is also true that "& Co." is *wholly unexplained* by the warrant and judgment and proceedings against Sawyer; and that there is nothing in any of them which shows or intimates that the suit or judgment against Sawyer was a suit by *a firm,* except the mere fact that, in the warrant and judgment, the plaintiff is described as "William H. Couch & Co." Now, upon these facts, we feel bound to decide, that the execution against Sawyer was not void, although in favor of William H. Couch only, (Garner v. Tiffany, Wyman & Co., Minor's Rep. 167;) and that if the constable failed to discharge his duty under it, as alleged, he cannot protect himself, by showing merely that the only judgment against Sawyer was in favor of William H. Couch & Co., and that the execution was in favor of William H. Couch. The officer, in such cases, cannot avail himself of mere irregularities in the process, which do not render it or the judgment void.—Samples v. Walker, 9 Ala. 726.

The appellees can derive no benefit from the fact, that on the trial of the proceeding against the constable and his sureties, evidence was adduced tending to show, that

said Wm. H. Couch knew and admitted that there was such a firm as Wm. H. Couch & Co.; that the firm owned the claim on which the suit against Sawyer was founded; and that he intended and directed that suit to be brought in favor of the firm. That evidence might, perhaps, have been made available to Sawyer, before judgment against him. But, be that as it may, the constable and his sureties cannot avail themselves of it in the present proceeding against them, nor be permitted, in that or in any other manner, to show mere errors or irregularities in the judgment against Sawyer, which do not render that judgment void.—Samples v. Walker, 9 Ala. 726.

From what we have above said, it is manifest that the court below erred in its charge to the jury: for that error, the judgment is reversed, and the cause remanded.