# Paulhaus & Paul *v.* Leber.

### *Suit by Attachment.*

1. *Amendment; when properly allowed.*—A justice of the peace may properly allow the affidavit for the attachment to be amended, so as to show that the affiant was the agent and attorney of the plaintiff. The omission, if a defect, is an omission of form rather than of substance.

2. *Attachment, defects in affidavit for; how cured.*—Defects in an affidavit for attachment, or in the attachment sued out before a justice of the peace, by the express provisions of our statutes, are cured on appeal or *certiorari.* When a partnership is plaintiff in attachment, the justice should always require the name of the individual composing it to be stated, but the failure to do so is a mere irregularity, cured by appeal.

3. *Same; irregularities in, what not noticed on appeal.*—On appeal to the circuit court, the case must be tried *de novo* on the merits, the cause being regarded as introduced by the appeal, behind which the court will not look for irregularities occurring before the justice.

APPEAL from Circuit Court of Barbour.

Tried before Hon. J. McCALEB WILEY.

Appellants commenced this suit in their firm name merely, by attachment before a justice of the peace. The appellee moved to quash the attachment, because the affidavit failed to show in what capacity the person making the affidavit acted, or what connection or interest the affiant had in the case. The justice's court permitted the affidavit to be amended so as to show that the affiant was the agent and attorney of the plaintiffs. After final judgment in the justice's court, the appellee took the case by appeal to the circuit court, and there moved to quash the attachment: "1. Because the name of the persons composing the partnership no where appears in the attachment, writ or affidavit. 2. Because A. H. Merrill, who made the affidavit, was not a person who was authorized by law to do so, as he is not the plaintiff, and does not describe himself as their agent or attorney. 3. Because there is no plaintiff in the case."

[Paulhaus & Paul v. Leber.]

The circuit court sustained the motion, and quashed the attachment. Appellants excepted, and bring the case here by appeal.

A. H. MERRILL, and WOOD & ROQUEMORE, for appellant.— In all suits before a justice of the peace, a firm can sue by its firm name, as the same strictness in pleading is not required in these inferior courts.—*Stockdale v. Riddle & Co.*, 22 Ala. 678; *Snow & Co. v. Ray*, 2 Ala. 344. When the case reached the circuit court, the affidavit was regular on its face, and could not be attacked by motion.—*Free v. Howard*, adm'r, 44 Ala. 195; *Kirman & Rosser v. Patton*, 19 Ala. 32. Any defect in the form of the affidavit can be amended.—R. C., section 2990.

G. L. COMER, *contra*.—The names of the partners should always be set out, and a suit cannot be maintained in the name of the partnership, unless it is a corporation, unless the names of the individuals composing it are set out.—*Reid & Co. v. McLeod*, 20 Ala. 576.

The amendment was matter of substance, and not of form, and should not have been allowed. Motion to quash was properly made.—*Calhoun v. Cozens*, 3 Ala. 21; *Cockrell v. McCraw*, 33 Ala. 526; *Hall & Curry v. Brazleton*, 44 Ala. 406.

BRICKELL, C. J.—The justice of the peace properly allowed the affidavit for the attachment to be amended, so as to show the affiant was the agent or the attorney of the plaintiff in the writ. If the affidavit was defective as originally made, the defect was rather of form than of substance. R. C. § 2990.

On appeal or *certiorari* from the judgment of a justice of the peace, to the circuit court, the statute expressly requires the cause to be tried "according to equity and justice, without regard to any defect in the summons or other proceedings before the justice."—R. C. § 2772. Defects in an affidavit for attachment, or in the attachment sued out before a justice, are on appeal cured by the statute.—*Clough v. Johnson*, 9 Ala. 425; *Perry v. Hurt, Corbin & Atkins*, present term. No objection can be taken in the circuit court, on appeal, because the original process before the justice is sued out in the firm name of a partnership, not reciting the individual names of the several partners.—*Condry v. Henley*, 4 S. & P. 9; *Snow v. Ray & Co.*, 2 Ala. 344; *Ortez v. Jewett*, 23 Ala. 662; *Couch v. Robinson*, 32 Ala. 633. The process would be more regular if it recited the individual names of

the several partners, and the justice should always require them to be stated, but "this and all irregularities which embarrass a trial on the merits before the circuit court, the statute was intended to cure. Its object is a trial *de novo* in the circuit court on the merits, regarding the cause as introduced there by the appeal, and not looking behind it to irregularities occurring before the justice."

The circuit court erred in sustaining the motion to quash the attachment, and its judgment is reversed and the cause remanded.