# Steele *v.* Tutwiler.

*Petition to set aside Execution, Sale, and Sheriff's Deed.*

| 68 | 107 |
| 93 | 439 |
| 68 | 107 |
| 102 | 294 |
| 102 | 643 |
| 68 | 107 |
| 103 | 607 |
| 68 | 107 |
| 121 | 88 |
| 68 | 107 |
| 123 | 419 |
| 68 | 107 |
| e133 | 561 |
| 68 | 107 |
| 142 | 538 |

1. *Administration bond with one surety; summary execution on.*—Bonds given by executors and administrators are required by statute to "have at least two sufficient sureties" (Code, § 2365); but it is further provided that a bond, "not payable or conditioned as required by law, is not void, but stands, on its condition being broken, subject to all the remedies which could have been maintained on it if the same had been payable and conditioned as required by law" (§ 2404); and this statute, being liberally construed as a remedial statute, must be held to embrace an administration bond with one surety only, under which the administrator has acted, and to authorize a summary execution against such surety (§ 2619).

2. *Probate Court; jurisdiction in matters of administration.*—As to all matters of administration, the Probate Court is, under constitutional provisions (Art. 7, § 9), a court of general jurisdiction, and all proper intendments will be indulged to sustain its exercise of the powers conferred in reference to such matters; and this principle is applied, in this case, to the issue of a summary execution against the surety on an administration bond.

3. *Summary execution against surety on administration bond, issued before return day of execution against principal.*—A summary execution against the sureties on an administration bond, issued before the return day of the execution against the administrator individually (Code, § 2619), is not void, but voidable only, and must be respected and enforced, until set aside on motion, or in some other manner prescribed by law.

4. *Motion to quash execution, and to set aside sale; laches.*—An application to quash an execution, and to set aside a sheriff's sale and deed under it, must be made with due diligence, and at the earliest opportunity (Rules of Practice, No. 13; Code, 160); and being made in this case after the lapse of seven years, without explanation or excuse for the delay, it was held to come too late.

[Steele v. Tutwiler.]

APPEAL from the Probate Court of Greene.

The appellant in this case, Andrew S. Steele, filed his petition in said court on the 1st day of March, 1881, seeking to set aside, vacate and annul an execution issued by said court, a sale of his lands under said execution, and a sheriff's deed to Henry A. Tutwiler, as the purchaser at the sale. The petition alleged that, on the 26th September, 1862, letters of administration on the estate of Tobias Cox, deceased, were granted by said court to Sidney P. Steele, who thereupon qualified, and gave bond, with the petitioner as his sole surety; that said administrator made a final settlement of his said administration in said court, on the 10th November, 1873, and decrees were thereupon rendered against him in favor of each of the distributees of the estate, for the amount ascertained to be due from him to each of them respectively; that executions were issued on these decrees, on the 10th November, 1873, against said administrator personally, returnable to the second Monday in *March,* 1874, which were returned by the sheriff on the 15th *January,* 1874, "No property found;" that executions was thereupon issued by said court, on said 15th *January,* 1874, against said administrator, and against the petitioner as his surety, and were levied by the sheriff, on the same day, on lands belonging to the petitioner; that the lands were sold by the sheriff, under said levies, on the second Monday in March, 1874, and were knocked down at the sale to Henry A. Tutwiler, as the highest and best bidder, and that the sheriff afterwards executed to said Tutwiler a deed, purporting to convey to him all the right, title and interest which the petitioner had in and to the lands. The petitioner insisted that no summary execution could issue against him on the bond, because he was the sole surety, while the statute required at least two sureties; and that the execution against him was null and void, because issued before the return day of the execution against the administrator individually; and he therefore prayed that the execution, the levy and sale under it, and the sheriff's deed to the purchaser, be vacated and set aside.

Tutwiler was not made a defendant to the petition, but he appeared, and filed a demurrer to it, assigning several causes specifically. The court sustained the demurrer, and dismissed the petition; and its judgment and decree is now assigned as error.

HEAD & BUTLER, and E. MORGAN, for appellant.

W. P. WEBB, and WEBB & TUTWILER, *contra.*

[Steele v. Tutwiler.]

SOMERVILLE, J.—The statute provides, that bonds given by executors and administrators must have " at least *two* sufficient sureties."—Code (1876), § 2365. It further provides, that " when any executor or administrator gives a bond, which is not *payable* or *conditioned* as required by law, such bond is not void, but stands, on its condition being broken, subject to all the remedies which could have been maintained on such bond had the same been payable and conditioned as required by law."—Code, § 2404.

The question is presented for our consideration in this case, whether an administrator's bond with *one* surety only is subject to the summary remedy afforded against sureties by section 2619 of the Code, authorizing immediate execution against the surety on return of " no property " against the principal. Bonds are of two kinds; *single* bonds, and *penal* bonds. The bonds of executors and administrators are of the latter class, as are all official bonds of State, county, and other public officers. These writings obligatory, as they are technically called, consist of *two* essential parts; *first,* the acknowledgment of an existing *debt, payable* in a sum and to a person such as the statute may prescribe ; *secondly,* a *condition,* upon the compliance with which the acknowledgment is void.—Walker's Amer. Law (7th Ed.), 469 ; 1 Bouv. Dict., tit. BOND.

The above section of the Code (§ 2404) is of simple and easy construction, if we keep this analysis prominently in view. Though not asserted with distinctness, it is clearly contemplated, that a bond irregularly taken must have been *acted under* by the principal, before it can be embraced within the provisions of this law ; otherwise, its *condition* could not be *broken,* and there could be no remedy upon it of any kind, either as a common-law or a statutory bond. And this is in harmony with the policy of section 181, in reference to official bonds, which, more than twenty years ago, was construed by this court in *Sprowl v. Lawrence,* 33 Ala. 674. We construe the phrase then, " a bond, which is not *payable* or *conditioned* as prescribed by law," as having reference to irregularities or imperfections in both the *body* and the *condition* of the bond ; and as there can be no legal bond at all without signatures, the statute has, also, necessary reference to any want of formality, or imperfection, in the execution or signing by the obligors.

It is true that a rigid and narrow construction might, by logical refinement, reach another and different conclusion. But this is a remedial statute, and it must be largely and beneficially construed, so as to suppress the mischief so obviously designed to be corrected, and to advance the remedy

thus devised by the law-makers. The reasoning of the court in *Sprowl v. Lawrence, supra,* strongly corroborates this conclusion, and has been many times re-affirmed by this court in its construction of the similar section there discussed.

The execution under which the sale in this case was made, was voidable, for obvious irregularity, but not void. The Court of Probate, which issued it, was, as to all matters of administration, a court of general, and not of limited jurisdiction (Const. 1875, Art. VI, § 9); and every proper intendment will be indulged, to sustain the exercise of its powers conferred in reference to such matters. Sound principles of public policy demand, that purchasers at judicial sales should have confidence in titles there acquired ; and in all cases of doubt, courts are wisely inclined not unnecessarily to disturb or unsettle them, Accordingly, it has been held, that an execution issued January 7th, 1842, and returnable, by mistake, to the first Monday in July, 1841, which was an impossible day, was only *voidable.—Samples v. Walker,* 9 Ala. 726. So, where a judgment was payable in installments, and an execution issued for the whole debt, before some of the installments were due.—*Steele v. Platt,* 5 Harring. 429. And, likewise, where an execution issued on a judgment which had been satisfied, without entry on the record (*Boren v. McGehee,* 6 Port. 432) ; or where it issued on a dormant judgment, after the time limited by statute (*Morgan v. Evans,* 72 Ill. 586, or 22 Amer. Rep. 154) ; or, where such execution issues prematurely, and contrary to the statute in this respect (*Stewart v. Stoeker,* 13 S. & R. 199). In all such cases, though the execution may be erroneous, and irregular, it must be respected and enforced, until vacated by motion to quash, or in some other manner prescribed by law.—Freeman on Ex. § 25.

And it is the duty of the party seeking to take advantage of irregularities or defects of this character, to move with proper diligence, at the earliest opportunity. Undue *laches* is treated as a waiver of the right, and operates as an irrevocable renunciation of it.—Freeman on Ex. §§ 76, 30. And after a delay of seven years in this case, without explanation or excuse, we think the motion comes too late.—*Henderson v. Foster,* at the last term ; Rule of Practice No. 13, Code p. 160.

The judgment of the Probate Court is affirmed.