# Sandlin *v.* Anderson, Green & Co.

*Statutory Trial of Right of Property in Mules, etc.*

1. *Judicial notice of officers, their signatures, &c.*—Since the State courts take judicial notice of its commissioned officers, the extent of their authority, and the genuineness of their signatures, an execution issued by a justice of the peace is admissible as evidence, without any proof of his signature or personal identity.

2. *Execution on justice's judgment, issued after lapse of six months.*—An execution issued by a justice of the peace, more than six months after rendition of the judgment (Code, §§ 3658-9), though irregular, and liable to be quashed on motion, is not void.

3. *What defects in process are available to claimant.*—On the trial of a statutory claim suit, the claimant can not take advantage of defects or irregularities in the process which do not render it void.

4. *Forthcoming bond; admissibility as evidence.*—A forthcoming bond executed by the defendant in execution, under which he retained the possession of the property levied on, is admissible evidence for the plaintiffs, on the trial of the right of property with a claimant under a mortgage executed by said defendant; being one of the file of papers in the cause, of which judicial notice is commonly taken; and also showing possession of the property, which is *prima facie* evidence of ownership.

5. *Retention of possession by mortgagor, as evidence of fraud.*—The retention of possession by the mortgagor of personal property becomes a badge of fraud *only* when prolonged for an unreasonable time after the law-day.

6. *Charge invading province of jury.*—A charge which assumes, as proved, one or more facts which the evidence only tends to establish, invades the province of the jury, and is a reversible error.

[Sandlin v. Anderson, Green & Co.]

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This was a statutory trial of the right of property in and to two mules, a buggy and harness, between Anderson, Green & Co., plaintiffs in execution against William Conant, and Daniel Sandlin as claimant; and on the death of said claimant, the suit was revived in favor of his administrators, who are the appellants. The plaintiffs' judgment is not set out in the record, but the execution which was levied on the property recites that they "recovered judgment before B. F. Still, on the 7th August, 1880, for one hundred dollars, besides five dollars costs;" and this execution was dated May 28th, 1881, and purported to be signed by "*A. R. S. Speegle, J. P.*" On the trial, as the bill of exceptions shows, the plaintiffs offered this execution in evidence, with its indorsement of a levy on the property in controversy; and the claimant objected to its admission as evidence—"1st, because the issue of the same was unauthorized by law; 2d, because the same is void on its face." The court overruled the objections, and admitted the execution as evidence; to which ruling the claimant excepted. The plaintiffs proved, also, that at the time of the levy, and before that time, the property levied on was in the possession of said Conant, the defendant in execution, who claimed the same as his own, exercised acts of ownership over it, continued in possession, after the levy, until the mules died, and was still in possession of the buggy and harness; and they offered in evidence a forthcoming bond executed by said Conant, under which he was allowed by the constable to retain the possession of the property. The claimant objected to the admission of this bond as evidence, but without stating any particular ground of objection; and he duly excepted to the overruling of his objection. The plaintiffs proved also, by one Werdt, that he found one of the mules trespassing in his field, and killed it, and paid Conant, who claimed it, $85 in full settlement of all claim for damages; and he produced said Conant's receipt, which was dated March 5th, 1883. The claimant offered in evidence a mortgage on the property, executed to him by said William Conant, which was dated February 23d, 1881, and given to secure a recited indebtedness of $200, due and payable December 25th, 1881; and proved by said Conant that the mortgage debt was still unpaid.

Upon this evidence, the court charged the jury, "among other things," as the bill of exceptions states, "that the retention of the possession of the mortgaged property by Conant, the mortgagor, after the law-day of the mortgage, is a badge of fraud, and the jury can look to it as such." The claimant excepted to this part of the charge, and, on stating his exception,

[Sandlin v. Anderson, Green & Co.]

the presiding judge "stated that he did not think he gave such charge;" and lest the jury might have misunderstood the charge, "the court then charged them, that the claimant having permitted Conant, the mortgagor, to remain in possession of the property described, after the execution of the claim bond, and after the law-day of the mortgage, and the continued possession of a part of the property until this trial, and the possession of the remainder until it died, and the collection of the price of the mule from Werdt by Conant,—is a badge of fraud, to which the jury may look in determining whether the mortgage executed by Conant to said claimant was fraudulent." To this charge, also, the claimant excepted.

The rulings of the court in the admission of the evidence objected to, and the charges to the jury, are now assigned as error.

GEO. II. PARKER, and HAMILL & LUSK, for appellant.

SOMERVILLE, J.—The courts of the State are presumed to judicially know who are the various commissioned officers within its limits, and to know the extent of their authority, and the genuineness of their official signatures. This principle is applicable to justices of the peace, and authorized the admission in evidence of the justice's execution against Conant, as *prima facie* correct, without any proof as to his signature or personal identity.—*Coleman v. The State*, 63 Ala. 93; 1 Greenl. Ev. (14th Ed.) § 6; 1 Whart. Ev. § 324; 1 Brick. Dig. 805, § 22; *Watson v. The State*, 63 Ala. 19.

This execution was not void because it was issued more than six months after the rendition of the judgment on which it was based. An execution issued on a dormant judgment, after the time prescribed by statute, like one that is issued prematurely, is only irregular and voidable. It is not void.—*Steele v. Tutwiler*, 68 Ala. 107, 110; Herman on Ex. § 64; *Morgan v. Evans*, 22 Amer. Rep. 154; Code, 1876, § 3658.

Such an irregularity, although erroneous, when directly assailed by motion to quash, or otherwise, can not be attacked collaterally.—Freeman on Ex. § 25. On the trial of a statutory claim suit, like the present, it is a settled rule, that the claimant can not take advantage of any defects in the execution, or other process, which do not render it absolutely void.—*Ellis v. Martin*, 60 Ala. 394; 1 Brick. Dig. 165, § 155.

The forthcoming bond executed by Conant, under which he retained the property in controversy in his own possession, was admissible in evidence as one of the file of papers, evidencing a part of the proceedings in the cause, of which courts commonly take judicial notice.—1 Whart. Ev. § 325. It was

[Clark v. Lamb.]

competent, also, to show possession of the property by Conant, which was *prima facie* evidence of his ownership, being a part of the *res gestœ* of such possession.—*Calvert v. Marlow*, 18 Ala. 67.

The rule in this State is, that the retention by the mortgagee of the possession of personal property included in the mortgage becomes a badge of fraud, only when prolonged an unreasonable length of time after the day of default.—*Benedict v. Renfro Bros.*, 75 Ala. 211; *Hopkins v. Scott*, 20 Ala. 179; *Simerson v. Branch Bank*, 12 Ala. 205; Jones on Chat. Mortg., § 380; Herman on Chat. Mortg. § 100.

The court erred in the last charge given, by assuming as proved one or more facts which the evidence only tended to establish as true. This was an invasion of the province of the jury, and is a reversible error.—*Jones v. Fort*, 36 Ala. 449; *McKenzie v. Branch Bank*, 28 Ala 606; *McDougald v. Rutherford*, 30 Ala. 253.

The other points raised need not be decided, as they are not likely to arise upon another trial.

Reversed and remanded.