# The State *v.* Flinn.

*Action on Official Bond of Defaulting Tax-Collector.*

1. *Official bond of county officers; non-residence of sureties.*—Although the statute declares that the official bonds of tax-collectors (and other officers therein specified) "shall be invalid and insufficient in law, unless the sureties upon such bonds respectively reside in the county in which the duties of such officers are to be performed" (Code, § 164); yet the bond is not void because of the non-residence of one or more of the sureties, nor can the sureties set up the fact of such non-residence in defense of an action on the bond.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. WM. E. CLARKE.

This action was brought in the name of the State of Alabama, against R. H. Flinn and others, his sureties on his official bond as tax-collector of said county; and was commenced on the fifth November, 1883. The bond was dated November 16th, 1882, and was conditioned for the faithful discharge by said Flinn of his duties as tax-collector during his term of office. The complaint alleged, as breaches of the bond, the failure of said Flinn to pay over, according to law, moneys collected as taxes during the years 1882 and 1883. A special plea was filed by John W. Wilson and R. W. Atkinson jointly, two of the sureties, alleging that said R. W. Atkinson was, at the time of the execution of said bond, a non-resident of said county of Clarke, and said bond was therefore invalid and insufficient in law, and no recovery could be had upon it; and a similar plea was filed by said Flinn and the other sureties jointly. A demurrer was

[The State v. Flinn.]

interposed to each of these pleas, but was overruled by the court; and the judgment on the demurrer is now assigned as error.

T. N. McCLELLAN, Attorney-General, H. PILLANS, and W. D. DUNN, for the appellant.

S. J. CUMMING, and JNO. Y. KILPATRICK, *contra*.

SOMERVILLE, J.—Section 164 of the present Code provides, that the bonds of tax-collectors, and many other officers specified, "shall be *invalid and insufficient* in law, unless the sureties upon such bonds respectfully *reside in the county* in which the duties of such officers are to be performed."

The only question presented by the present appeal is, whether the non-residence in a county of one of the several sureties so far vitiates the bond as to destroy its binding force upon the obligors setting up such defense. One of the sureties on the tax-collector's bond, here sued on, is shown to reside out of the ·county of Clarke—the county in which the duties of this officer were to be performed—his place of residence being in an adjoining county; and this fact is averred by special plea. The Circuit Court, on demurrer, held the plea to be a good defense to the action on the bond.

We entertain no doubt as to the incorrectness of this ruling. The purpose of the act approved March 17th, 1875, which is embodied in sections 164 to 168, inclusive, of the Code, is manifest. It was designed to destroy the evil of straw-bonds, which had for many years previous prevailed in this State, during which one person, often himself a bonded officer of the Federal Government, or of the State, or of a county or municipality, was surety ·on a score of bonds of as many different officials, many of whom frequently interchanged the favor of mutual suretyship. These bonds were insufficient, by reason of the multiplied contingent liabilities of the obligors; and the non-residence of the parties was a stumbling block to a diligent inquiry by the approving officer as to their sufficiency.—*Ex parte Buckley*, 53 Ala. 42. The title of the act is declared to be, "To secure good and sufficient sureties upon the bonds of the county officers of this State."—Acts 1874–75, p. 50. We must construe the act with reference to the mischief and defect against which the previous law did not provide, and the nature of the remedy appointed to correct them; so, in other words, as to meet the mischief, and to advance the remedy, and, in doing so, not to violate fundamental principles.—Potter's Dwarris Stat. & Const. 184. To this end, being a remedial statute, it must be largely as beneficially construed.—*Steele v. Tutwiler*, 68 Ala. 107; *Ex parte Buckley*, supra.

We are satisfied that the legislative intent was never, in view of the foregoing considerations, to declare a bond of no binding efficacy on the obligors because of their insufficiency as sureties under the requirements of the statute. The language of the statute is, that the bond "shall be *invalid and insufficient*," but this does not mean for all and every purpose. It means simply for the purposes of the act. The word "invalid" is narrowed in meaning by the context and the policy of the statute, the sixth section of which, now comprising section 192 of the Code, authorizes the chancellor of the division, or circuit judge of the circuit, on application to them, by five or more resident freeholders of the county, properly verified by affidavit, to pronounce any bond of the officers designated to be "invalid or insufficient" for want of conformity to the requirements of the act, and thereupon to require the execution of a new bond with sufficient sureties.—Code, 1876, § 192; Acts 1874–75, p. 51, sec. 6. It has never been supposed that the want of the requisite statutory qualifications on the part of a surety upon an official, or other bond, exempted either himself or his co-obligors from all liability upon such bond. Such surety is estopped, upon every principle of fair dealing and good conscience, from asserting his own disqualification as a defense to such liability, because the signing of the bond was an admission to the contrary, and he can not afterwards work an injustice by seeking to gainsay it. The policy of the law would be defeated by adopting a construction which would admit of a result so inequitable, and we would be confronted by the absurdity that all bonds of the class under discussion would be void for all purposes, and of no binding force on the obligors, if any one of them, by concealment, misrepresentation or artifice, could procure himself to be accepted as an approved surety, when, in truth and fact, he was insufficient under the provisions of this statute, because of his non-residence in the county, or other unknown disqualification. To state such a proposition is to refute it.

The ruling of the Circuit Court was erroneous, and the judgment is reversed and the cause remanded.