# Leonard *v.* Brewer.

*Bill in Equity by Purchaser from Defendant in Execution, to quash Execution, set aside Sale, and cancel Sheriff's Deed as Cloud on Title.*

1. *Execution issued after lapse of ten years.*—An execution issued after the lapse of ten years from the date of the last preceding execution, though irregular and voidable (Code, § 2923), is not void; and a court of equity will not, at the instance of a purchaser from the defendant after the levy, quash the execution, set aside the sale, and cancel the sheriff's deed to the plaintiff as the purchaser.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on the 22d January, 1886, by M. E. Leonard and M. E. Floyd, against Mrs. Susan M. Brewer and Charles Floyd, her former husband; and sought to quash an execution under which the sheriff had sold said Charles Floyd's interest in a certain tract of land, to set aside the sale, and to cancel the sheriff's deed to Mrs. Brewer as purchaser, who was the plaintiff in the execution, as clouds on the complainants' title to the land, under an alleged purchase from said Charles Floyd after the levy of the execution. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

G. R. FARNHAM, for appellants, cited Code, § 2923; *McCall v. Rickarby,* at last term, 85 Ala. 153; 68 Ala. 206; 56 Ala. 32; 54 Ala. 291; 74 Ala. 44; 66 Ala. 174, 556.

JOHN GAMBLE, *contra,* cited *Perkins, Livingston & Post v. Brierfield Iron Works,* 77 Ala. 403; *Ray v. Womble,* 56 Ala. 32.

CLOPTON, J.—Appellants seek by the bill to quash an execution issued on a decree rendered by the Chancery Court in favor of the appellee, Susan M. Brewer, against Charles Floyd; to set aside a sale of land thereunder, and to cancel the sheriff's conveyance to the purchaser, on the ground that
VOL. LXXXVI.

[Leonard v. Brewer.]

they constitute a cloud on their title. The decree was rendered in April, 1871. On September 29, 1885, an execution was issued on the decree, was received in the office on the next day by the sheriff, and levied on the undivided interest of the defendant in execution in the lands mentioned in the bill. This interest was sold under the execution, and purchased by Susan M. Brewer. After the issue and levy of the execution, and before the sale, on October 27, 1885, Charles Floyd, by his attorney in fact, sold and conveyed his interest in the lands to appellants.

At the time of the sale and conveyance to complainants, a lien attached to the execution, if not void, which bound the property.—Code, 1876, § 3210. More than ten years elapsed since the date of the last execution, which was in April, 1873, before the issue of the one under which the property was sold; and for this reason it is contended that it is void. This is not a debatable question. It is well settled, that an execution issued on a judgment after the lapse of a year and a day from its rendition, or after the lapse of ten years from the date of the last execution, is only voidable, and can be avoided only on proceedings instituted by the defendant in execution, unless third persons have acquired rights in the meantime. If the defendant in execution interposes no objection, others, who have acquired rights after its issue, and subject to its lien, can not attack it, on the ground of irregularity, either directly or collaterally; and a sale under such execution is sufficient to transfer the title, though the plaintiff in execution may be the purchaser.—*Perkins, Livingston & Post v. Brierfield Iron & Coal Co.,* 77 Ala. 403; *Sandlin v. Anderson,* 76 Ala. 403; *Steele v. Tutwiler,* 68 Ala. 107. The bill is without equity, and the decree must be affirmed on the authority of the cases cited.

A decision of other questions argued is unnecessary.

Affirmed.