# Olmstead *v.* Brewer.

*Action on Official Bond of Justice of the Peace.*

1. *Writ of restitution, on judgment in unlawful detainer; appeal, supersedeas.*—In an action of unlawful detainer, judgment being rendered for the plaintiff, a writ of restitution may be issued before the expiration of ten days, unless the defendant has in the meantime taken an appeal and given a *supersedeas* bond (Code, §§ 3387, 3398, 3401); but the issue of such writ does not prevent the defendant from perfecting his appeal and giving bond afterwards, within the ten days.

2. *Execution prematurely issued.*—An execution prematurely issued, but otherwise regular, is voidable only, and must be obeyed by the officer; and it can not be collaterally impeached.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Action by Percy Olmstead against Samuel B. Brewer, a justice of the peace, and the sureties on his official bond, on the facts stated in the opinion of the court. The court below sustained a demurrer to the complaint, and, the plaintiff declining to amend, rendered judgment for the defendants; and this judgment is now assigned as error.

VOL. 91.

[Olmstead v. Brewer.]

GORDON MACDONALD, for appellant.

D. C. BLACKWELL, *contra.*

CLOPTON, J.—The action is brought by appellant, to recover damages, for an alleged breach of the official bond of the defendant, Brewer. The *gravamen* of the complaint is, that Brewer wrongfully, improperly and negligently, in violation of his official duty, issued a writ of restitution on a judgment rendered by him as justice of the peace, against appellant, in an action of unlawful detainer, under which he was dispossessed of the property. The writ was issued within three days after the rendition of the judgment, the plaintiff having given notice that he would take an appeal therefrom, but which appeal was not in fact taken, and the judgment was not superseded, at the time the writ was issued. The wrongful and premature issue of the writ is based on the provision of section 3398 of the Code, which provides, that any party may appeal to the Circuit Court, or court of like jurisdiction, from any judgment rendered against him before a justice of the peace, in an action of unlawful detainer, within ten days after the rendition of the judgment. Plaintiff insists, that the operation of the statute, when construed in connection with the other statutes relating to appeals in such cases, is to prevent the issue of a writ of restitution until the expiration of the time allowed plaintiff within which to take an appeal and supersede the judgment.

Section 3387 of the Code provides: "If the justice determine in favor of the plaintiff, he must record the decision, and render judgment, with costs, upon which he must issue a writ of execution, commanding the sheriff to restore the plaintiff to the possession of his lands and tenements according to the complaint, and to levy and sell a sufficiency of the defendant's goods and chattels, lands and tenements, to satisfy the costs of the proceedings." Also, by section 3401, it is provided: "In cases of forcible entry, or unlawful detainer, an appeal does not prevent the issue of a writ of restitution, unless the defendant also execute bond, with sufficient sureties, payable to the plaintiff, in the sum of twice the yearly value of the rent of the premises, to be ascertained by the justice, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal."

The plaintiff in an action of unlawful detainer is entitled, under section 3387, upon the rendition of judgment in his favor, to be restored to the possession of his lands and tenements according to the complaint; and it is the duty of the

justice of the peace to issue a writ of execution commanding such restoration, the issue of which writ can be prevented only by the execution of a *supersedeas* bond, as prescribed by section 3401. It was not intended, by the provision allowing the defendant the right to appeal at any time within ten days after the rendition of the judgment, to suspend its execution until the expiration of such time; but merely to limit the time in which an appeal may be taken. The defendant has the right to appeal, and supersede the judgment, at any time after its rendition, within ten days thereafter; and this he may do, notwithstanding a writ of restitution may have been issued. The language of the statute is: "If the justice determine in favor of the plaintiff, he must record the decision, and render judgment, with costs, upon which [that is, upon the judgment rendered] he must issue a writ of execution, commanding the sheriff to restore the plaintiff to the possession of his lands and tenements, according to the complaint." There is no provision, express or implied, that any time whatever shall elapse after the rendition of the judgment, before the issue of the writ is authorized.

The complaint does not aver that the plaintiff took an appeal within ten days after rendition of the judgment in the action of unlawful detainer, nor that he tendered to the justice a *supersedeas* bond with sufficient sureties, nor that an appeal was refused. It does not appear, from the averments of the complaint, that the writ of restitution was improperly, irregularly, or prematurely issued.

The judgment in the action of unlawful detainer was rendered by a court of competent jurisdiction; and its regularity and validity are not questioned. If, therefore, it were conceded that the writ of restitution was prematurely issued, contrary to the statute in this respect, the most that can be said is, that it was erroneous and irregular. An execution irregular, because prematurely issued, is not void, and must be respected and obeyed by the sheriff, until vacated by a motion to quash, or by some other appropriate legal proceeding at the instance of the defendant in execution. It can not be called in question collaterally.—*Steele v. Tutwiler*, 68 Ala. 107; *Stewart v. Stocker*, 15 Amer. Dec. 589.

The eighth ground of demurrer, which goes to the right of plaintiff to maintain the action, was properly sustained by the court. The plaintiff having declined to amend his complaint, the court did not err in rendering judgment for the defendant. It is unnecessary to consider the other grounds of demurrer which were sustained.

Affirmed.