# DeLoach v. Robbins.

*Statutory Action of Ejectment.*

1. *Executions; not void for failure to strictly follow judgment.*—Executions should correspond with and follow the judgments on which

[DeLoach v. Robbins.]

they issue; but because of clerical errors or failures to recite the date or amount of its judgment with strict accuracy, an execution will not be declared absolutely void.

2. *Variance between execution and judgment; execution admissible in evidence in support of sale under it.*—When an execution is offered in evidence in support of a sale made under it by a sheriff after levy, and it varies from the judgment upon which it issued as to the date of rendition, if from the whole writ, in connection with other facts, it is shown that the execution offered was intended, was issued and was enforced as issued upon such judgment, it is admissible and should be received in evidence.

3. *Execution issued after lapse of ten years; when sale under it sustained.*—An execution issued upon a judgment after a lapse of ten years from the date of the last preceding execution, though irregular and voidable (Code, § 2923), is not void; and not having been set aside by direct attack, a sale under it will be sustained in a collateral proceeding.

4. *Parol evidence admissible to explain variance between execution and judgment.*—Parol evidence is admissible to explain any immaterial and not substantial variance between an execution and the judgment on which it was issued.

5. *Execution docket, admissible to identify judgment.*—When there is a variance in the date of the judgment described in an execution and the judgment on which such execution issued, the execution docket of the clerk of the court is admissible in evidence, to identify the judgment and to connect it with the execution issued thereon.

6. *Sale under two executions; passes title if either execution valid.*—When property is sold by a sheriff under two executions, either of which is valid, such sale is sufficient to transfer to the purchaser the title of the defendant in execution to the property sold.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JAMES T. TAYLOR.

This was a statutory real action in the nature of ejectment, brought by the appellant, John DeLoach, against the appellee, T. J. Robbins, to recover certain property specifically described in the complaint. The plaintiff based his title to the property upon certain deeds of the sheriff to him, which were executed after a purchase by him at a sale of the property under executions issued upon two several judgments recovered against the defendant.

The plaintiff proved, that he, as administrator of John Black, at the fall term 1868 of the circuit court of Monroe county, recovered a judgment against the defendant, T. J. Robbins, for the sum of $684.95, besides costs of suits; that at the spring term of said circuit court, 1873, one John B. Colly recovered a judgment against defen-

dant for the sum of $239.53 ; that executions were duly issued on each of these judgments, returnable to the next term of the court after their rendition, respectively. The date of the first named judgment was mentioned in the original execution, as the 15th of October, 1868, and that of the Colly judgment, in the first execution issued on it, as of the 24th of April, 1873. These executions were numbered, respectively, 2774 and 4573. *Alias* executions, Nos. 5713, 5853 and 423, issued on said first named judgment, on the 25th October, 1876, the 15th May, 1877, and the 9th June, 1885, respectively. In Nos. 5713 and 5853, the date of the judgment is given as the 13th October, 1868. In No. 423, issued on the 9th June, 1885, the judgment is correctly described in all respects, except its amount is stated to be $684, and its date, as the 20th April, 1871. Before offering the last named execution, with its endorsements, showing a levy on the lands in question, and their sale by the sheriff and its return to the clerk, the plaintiff, in order to identify the judgment in evidence as the one mentioned in said execution and to explain its date as given in said *alias* execution, testified that he was the clerk of the court at the time said judgment was rendered, and for about 20 years afterwards ; that he, neither as administrator nor personally, had ever recovered or had or controlled any other judgment, at that or any other term of said court, against the defendant, T. J. Robbins, other than the one offered and admitted in evidence ; that all the executions in evidence, and the one then offered—No. 423—he directed the clerk of the court, J. W. Leslie, to issue at their respective dates ; that he was present at the sale made by the sheriff, under said last named execution, of the lands described in the levy endorsed thereon, and became the purchaser thereof, at the price stated in the return on said execution. Said J. W. Leslie testified, that he had been the clerk of said court for many years before, after, and at the time of the issuance of said execution, No. 423, and that he issued it at the instance of said DeLoach, on his said judgment, as administrator of John Black, deceased, against said T. J. Robbins, and on no other ; that he was acquainted with, and had frequently examined, the records and minutes of said court, and there was no other judgment therein or thereon, in favor of said John DeLoach, administrator,

[DeLoach v. Robbins.]

against said defendant, Robbins, except this one.

The defendant objected to the introduction of said execution with its endorsements in evidence, on the ground of a variance in the date of the judgment described in the execution and the judgment. In order to further identify said execution as having been issued on said judgment, and to explain the variance as a clerical mistake, the plaintiff offered to introduce in evidence the execution docket of the clerk of said court to show the entries therein of all the executions and returns issued on said judgment, showing that, from the first execution to the last offered, they were on the same judgment, as appeared by the references from one to another, and by their marginal numbers. The defendant objected, as before. The court sustained the objection, and would not allow said docket to be introduced for the purposes specified, and also sustained defendant's objection to the introduction of said execution, to both of which rulings the plaintiff excepted.

The plaintiff then offered in evidence, in connection with the foregoing evidence, to sustain the admissibility of said execution, the deed of the sheriff in due form, properly executed and with appropriate recitals, to show the conveyance to plaintiff, as purchaser under said judgment, execution and levy, of all the right, title, interest and estate of the said T. J. Robbins, defendant, in and to the lands therein described, and which are included in the complaint. But, upon the same objection as was raised by defendant to the introduction of said execution, and against the exception of plaintiff, the court excluded it.

Afterwards, the plaintiff introduced another *alias* execution, No. 47, purporting to have been issued on said judgment on the 14th May, 1891, in which said judgment is correctly described as in the original execution, with the exception of a variance of one day in the date of the judgment—the original reciting that it was rendered on the 15th, and the *alias*, that it was rendered on the 14th October. In connection with this offer the plaintiff offered the same proof that had been made for the introduction of the former execution, No. 423; but the court would not admit it, and the plaintiff excepted. To the introduction of this last named execution, with its endorsements of levy and sale, the defendant objected

"on the single ground," that no other execution had issued on said judgment within ten years before the date of the issuance of said execution, and it was therefore void, and the sale under it invalid. This objection was sustained by the court, against the exception of the plaintiff, and the evidence excluded. But the bill of exceptions shows the deed of the sheriff, founded on a sale under said execution, was admitted in evidence without objection.

Recurring to the Colly judgment and executions : The record shows, that several executions after the first were issued on said judgment at different dates, from 1873 to 1891 ; and the last one, No. 46, issued on the 14th of May, 1891,—the same date of the issuance of the *alias* in the other case,—describes the judgment in evidence accurately, and which, coming to the hands of the sheriff, was levied upon the lands in question, being the same lands, on which the execution, No. 47, in the case of Mr. DeLoach, as administrator of John Black, was levied, both executions having been received by the sheriff on the same day, levied on the same property, which was sold on the same date, under both executions—Nos. 46 and 47. At said sale the plaintiff became the purchaser at the highest and best bid, and the sheriff executed a deed to him in due form, reciting all the considerations and facts necessary to convey "all the right, title, interest and estate of the said T. J. Robbins in and to said land" under execution sale. There were some inaccuracies of description in several of the *aliases* on the Colly judgment. In three of them, the judgment was described as having been recovered on the 26th, instead of the 24th April, 1873. In all others, and in the last, the date of the judgment was properly given. In two of the intermediate *aliases* the judgment was described as having been recovered by John DeLoach, as administrator of the estate of J. B. Colly, deceased; but in the last *alias*, under which the sale was made, the judgment is accurately described as to date and amount, and as having been recovered by John Colly in his life time, of whose estate said John DeLoach is recited to be the administrator, to whom the money, when collected, was to be paid.

In the Colly case, there is a judgment, execution, levy, sale and sheriff's deed to the plaintiff as purchaser, all admitted by the court as evidence for plaintiff. In

[DeLoach v. Robbins.]

the DeLoach administrator case, there is a judgment, execution, levy, sale and sheriff's deed to the plaintiff as purchaser, but the execution was excluded and the deed admitted.

The defendant as a witness in his own behalf testified, "that he resided on the lands in dispute, and has resided thereon for thirty-one years, with the exception of two years, when he rented it out; and that he made improvements on said lands." This was the only testimony introduced in behalf of the defendant, as shown by the bill of exceptions. The court at the defendant's request gave the general affirmative charge in his behalf. The plaintiff duly excepted to the giving of this charge, and also excepted to the court's refusal to give a similar charge in his behalf. There was judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the evidence to which exceptions were reserved, and the giving of the general affirmative charge for the defendant, and refusing a similar charge asked by him.

J. W. POSEY, for appellant.—There was no material variance between the judgment and executions which were offered in evidence. If there was a variance, it was a mere clerical error, and the plaintiff had the right to introduce oral testimony or other evidence to correct such clerical misprision.—7 Amer. & Eng. Encyc. of Law, pp. 123–5; Freeman on Executions, §§ 25, 42–3, 71–2, 76–8; Steele v. Tutwiler, 68 Ala. 107; Holly v. Bass, Ib. 206; Couch v. Atkinson, 32 Ala. 633; Johnson v. Johnson, Ib. 643; Petit v. Petit, Ib. 307; 3 Brick. Dig. 413, §§ 105, 106, 110, 111, 188, 135. A sale of land by a sheriff under an execution, though issued on dormant judgments is valid, and conveys title to the purchaser. Such execution can not be collaterally attacked. The trial court, therefore, erred in excluding execution numbered 47, which was offered by the plaintiff.—Leonard v. Brewer, 86 Ala. 390, 5 So. Rep. 306; Draper v. Nixon, 93 Ala. 436, 8 So. Rep. 489; Olmstead v. Brewer, 91 Ala. 124; Joseph v. Seward, 91 Ala. 599, 8 So. Rep. 682; Waldrop v. Friedman, 90 Ala. 157; Sandlin v. Anderson, 76 Ala. 403; Steele v. Tutwiler, 68 Ala. 107; 7 Amer. & Eng. Encyc. of Law, pp. 120, 125, and notes. If one of several executions under which the sale is made is

valid, the title of the defendant in execution passes.—12 Amer. & Eng. Encyc. of Law, 225.

J. N. MILLER, *contra.*—To make out a title by purchase at sheriff's sale the purchaser must show a valid judgment, an execution thereon, a levy, sale and sheriff's deed.—*Barclay v. Plant,* 50 Ala. 509 ; *Carrington v. Richardson,* 79 Ala. 101.

HARALSON, J.—1. While it is true, that an execution should follow and correspond with the judgment on which it issues, yet, justice and reason do suggest, that mere clerical errors or failures to recite the judgment with strictness ought not to avoid the execution; and it is everywhere, so far as we have observed, so decided. And when an execution is offered in evidence to support a sale made under it by a sheriff after levy, and it varies from the judgment in some respects, the question then before the court is, "Did *this* execution issue on *this* judgment? If from the whole writ, taken in connection with other facts, the court feels assured that the execution offered in evidence was intended, issued and enforced as an execution upon the judgment shown to the court, then, we apprehend, the writ ought to be received and respected. * * * Where sufficient appeared on the face of the execution to connect it with the judgment, courts have frequently disregarded variances in the names of parties, in the date or in the amount of the judgment."—Freeman on Judgments, § 43, p. 113, n. 3, and authorities there cited ; 7 Amer. & Eng. Encyc. of Law, 123-4, n. 13 ; *Samples v. Walker,* 9 Ala. 726 ; *McCollum v. Hubbert,* 13 Ala. 282 ; *Steele v. Tutwiler,* 68 Ala. 110 ; *Sandlin v. Anderson,* 76 Ala. 403 ; *Davis v. Kline,* 76 Mo. 310. In the case last named, two executions and the sheriff's deed thereon recited judgments in the year 1875, while the minutes of the court showed they were rendered in 1876. There being other evidence to show that the executions were in fact issued on these judgments, it was held that the variance was a clerical misprision, and would not invalidate the execution.

2. Where an execution has prematurely issued on a valid judgment, as we have held, it is not on that account void, but only irregular and voidable, and not having been set aside in a direct proceeding for that pur-

[DeLoach v. Robbins.]

pose, a sale under it can not be collaterally impeached; and, where execution has issued after the lapse of ten years from the date of the last preceding one, it is merely irregular and voidable, and a sale under it, as for such an irregularity, as we have repeatedly held, will be sustained.—*Sandlin v. Anderson*, 76 Ala. 403; *Leonard v. Brewer*, 86 Ala. 390; *Waldrop v. Friedman*, 90 Ala. 157; *Olmstead v. Brewer*, 91 Ala. 124.

3. Parol evidence is always admissible to point out and connect the writing with the subject matter, and identifying the object proposed to be described. And so, such evidence is admissible to explain away any mere immaterial and not substantive variations between an execution and the judgment on which it issued.—*Guilmartin v. Wood*, 76 Ala. 204; *Corbitt v. Reynolds*, 68 Ala. 378; *Doe v. Pickett*, 51 Ala. 584. And, on still higher grounds, the execution docket of the clerk is admissible, in such connections, to identify and unite a judgment and executions which issued on it, for this is record evidence, such as the law requires to be kept for such purposes among others.—Code., § 768, sub-div. 7.

4. Let the foregoing principles be applied to this case. The two judgments on which the executions issued were, so far as appears, in all respects regular and valid, one in favor of the plaintiff, John DeLoach, as administrator of John Black, at the fall term of the circuit court of Monroe county, 1868, against defendant, T. J. Robbins, for $684.95, besides costs; and the other, in favor of John B. Colly against the defendant, at the spring term of said court, 1873, for $239.53, and costs. Executions issued, as was shown, on each of these judgments, returnable to the next term of the court after their rendition, respectively. The plaintiff in the second judgment, John B. Colly, died after its rendition, and plaintiff, DeLoach, became his administrator, and, on proof of these facts by affidavit of plaintiff, the clerk of the court thereafter issued execution on said judgment in favor of the plaintiff, as administrator of said Colly, under which the land in question was sold by the sheriff, and plaintiff became the purchaser, the sale having been made under this and the other execution issued in the Black administration case at the same time.

In the other case—that of DeLoach, administrator of Black, against the defendant—after the issuance of the

original execution, *aliases* were issued on the 25th of October, 1876, 15th of May, 1887, and 9th of June, 1885. In some of these there were irregularities, some slight and others of a graver character. It is unnecessary to mention them. A sale of the property levied on was made by the sheriff under the last named execution, but when it was offered, and the sheriff's deed with it, objection was made on account of a variance between the judgment and execution. The plaintiff offered evidence, all of which was admissible for the purpose, to explain the variance and to show that it was the result of clerical error, and that the execution, as a matter of fact, issued on the judgment in evidence. The objection of the defendant to the introduction of this evidence was improperly sustained by the court. It showed a judgment against defendant, an execution thereon, levy and sale to the plaintiff by the sheriff, and a proper deed from him to the plaintiff, to convey the interest of defendant in the lands. But, if there were any legal objections to the validity of the sale under this execution, *alias* executions were issued afterwards on both of said judgments—presumably to obviate any irregularities which might have intervened as affecting the first sale, by which it might be set aside—were placed in the hands of the sheriff, together with the execution in the Colly case, were both levied on the same land, which was sold thereunder by the sheriff, and plaintiff again became the purchaser, and the sheriff made him a deed, in all respects formal and duly executed, to convey to him the right and title to the lands as sold under said execution. The only alleged barrier to the validity of this last sale, so far as appears, is, that the execution in the DeLoach judgment was issued on a judgment on which no execution had issued for more than ten years, a fact not sustained by the evidence, but which, if true, did not render said sale void, even as to that execution. A sheriff's sale, when made under two executions, as in this case, either of which is valid, is sufficient to transfer to the purchaser the defendant's title to the property sold.—12 Amer. & Eng. Encyc. of Law, 225, note 4.

5. The bill of exceptions does not purport to set out all the evidence. The greater part of that offered by plaintiff, and on which he rested his right to recover, was excluded by the court; and, on this state of case,

[Clay v. City Council of Montgomery.]

the defendant asked, and the court gave, the general charge in his favor. This charge could not have been properly given, if the evidence offered by plaintiff, which was improperly excluded, had been admitted. We can not presume that any other evidence which defendant might have offered, if any, not included in the record, would have cured the error of the exclusion of plaintiff's evidence, and justified the general charge given for defendant.

Reversed and remanded.